Covenant.　**J L. Lillard's Ex'r. *vs* Joseph Lillard's**
**Ex'rs. *et al*.,**

*Case 80.*　　　Error to the Mercer Circuit.

*Pleas and pleading.　Abatement.　Parties.*

*April 22.*　Chief Justice Ewing delivered the opinion of the Court.

The omission of the name of one of several ex'rs. is but matter of abatement which must be taken advantage of by plea in abatement, or demur in the nature of a plea in abatement filed in proper time.

The penalty of a bond being joint a joint action may be maintained upon it, tho' the condition may require different sums to be paid to each—or a separate action may be maintained in the name of each to whom any thing is to be performed.

That the writ was served by one interested must be taken advantage of in the court below, and in proper time, it is matter of abatement. This Court will not decide upon matters not embraced by errors assigned.

The variance produced by the omission of the name of one of the administrators of John McGee, dec'd. could alone have been taken advantage of by plea in abatement, or by demurrer in the nature of a plea in abatement, in the Court below, filed within the proper time. It is a dilatory defence, and cannot be taken advantage of by a motion in arrest of judgment.

The penalty of the bond sued on is *joint*, and a joint action may be maintained in the name of all the obligors on the same, though the condition may require different amounts to be paid to each. A several action might no doubt have been sustained, on the condition in the name of each, for the amount undertaken to be paid to each, but this does not preclude the right to the joint action, in the name of *all*, on the penal undertaking to *all*.

Jacob Keller, though one of the plaintiffs, had no interest in the amount sought to be recovered, as appears by the condition of the bond, as well as by an indorsement upon the writ, that "the suit is for the benefit of Joseph McGee."

His service of the writ as deputy Sheriff, should have been taken advantage of in the Court below, and within the proper time. It was matter of abatement only. There being no other errors assigned, we can notice no other, though we perceive one which if taken advantage of in the proper form, might have been made radically available.

Judgment affirmed, with costs, &c.

*Willis* for plaintiffs : *Harlan & Craddock* for def'ts.