had been conveyed to the wife by a third person, for a valuable consideration passing from the wife. It was not a mere agreement to convey or refund money, unexecuted and void by the statute of frauds, as in this case. See *Potts* v. *Merritt*, 14 B. Mon. 406. In *Livingston* v. *Livingston*, 2 Johns. Ch. R. 537, the Chancellor says, "though the agreement here was by parol, yet it was carried into effect by the plaintiff." The parol agreement in this case has not been carried into effect by the plaintiffs. *Livingston* v. *Livingston* also proceeded upon a statute of *New York* cited in the opinion. In *Shepard* v. *Shepard*, 7 Johns. Ch. 57, the same Court decide that a deed from a husband to his wife during coverture, is void at law.

## CAMERON *v.* WARBRITTON.

If in an action by a surety against the principals in a promissory note, for money had and received to the defendants' use, a release of one of the principals be pleaded, the release, importing a consideration, must be set forth.

An agreement by one of two makers of a promissory note to pay the whole debt, is no consideration for a release, by a surety, of the other maker.

The note, in such cases, is admissible in evidence.

The action not being brought upon the note, no question of variance can arise.

The refusal of instructions assuming a state of facts not proved, is not error.

APPEAL from the *Warren* Court of Common Pleas.

GOOKINS, J.—This action was brought by the appellee against the appellant and one *William B. Warbritton*, to recover money he had paid for them as their surety.

The complaint stated that the plaintiff had paid to *McAlilly* and *Johnson* 808 dollars, on a note they held against the defendants, upon which the plaintiff was surety. A copy of the note was appended to the complaint, which appeared to have been signed by the defendants as a firm, by the plaintiff, and by one *Stedman*.

*William B. Warbritton* made default. *Cameron* answered—

1. By a general denial.

2. By averring that the money paid by the plaintiff was paid at the special instance and request of his co-defendant; that the plaintiff released the defendant, and accepted

*Tuesday,
June 9.*

said *William B. Warbritton* as his debtor; that he, the defendant, fully paid said *William B. Warbritton* his share of said note, who agreed to pay the plaintiff the whole amount; that the money was paid by the plaintiff to the payees of the note on said agreement, and no part of it was paid for the defendant.

To the latter paragraph of the answer, a demurrer was sustained.

There were a trial by jury, a verdict for the plaintiff for 822 dollars and 68 cents, new trial refused, and judgment.

The sustaining of the demurrer to the second paragraph of the answer, is assigned for error. We infer from the argument of counsel, that the paragraph was deemed insufficient, because no consideration was shown for the alleged agreement. This we think was correct. No formal release importing a consideration was set forth, as it should have been, if any existed (2 R. S. p. 44, s. 78); and we are not able to discover any from the statements of the answer. The agreement of *William B. Warbritton* to pay the whole debt, was no consideration, because he was already bound for the whole.

The appellant assigns for error the admission in evidence of the note, in discharge of which the money was paid; but as the bill of exceptions does not show that the ground of objection was pointed out when it was offered in evidence, it is not available here. Moreover, we see no objection to the evidence.

The appellant seems to understand that the action was brought on the note. This is a mistake. It was an action for money paid to the defendants' use. The note was not declared on, and no question of variance could arise.

The appellant assigns for error the refusal of the Court to give certain instructions, which assumed a state of facts substantially as set forth in the second paragraph of the answer. We have compared the instructions with the evidence set out in the bill of exceptions, from which it is very clear that no contract, based upon any consideration of the kind supposed, was proved. The instructions were therefore rightly refused as irrelevant.

Two other points are made, in which there is manifestly no error, and they do not require comment.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*B. F. Gregory* and *J. Harper*, for the appellant.

*J. R. M. Bryant* and *R. A. Chandler*, for the appellee.