The State on the relation of Frisbie *v.* Hart and Others.

APPEAL from the *Spencer* Circuit Court.

*Per Curiam.*—This was an action against a constable and his sureties on his official bond: The bond is conditioned in the usual form for the discharge of the duties of the constable.

In the complaint it is averred that the relator, on the 7th of *August,* 1840, recovered a judgment before *Robert Stewart,* a justice of the peace, against one *Telford Abshire,* for 92 dollars and costs, &c.; upon which one *Jackson Abshire,* on the 14th of the same month, became bail for the stay of execution; and that on the 13th of *June,* 1856, an execution was issued on said judgment, which reads thus:

"State of *Indiana, Spencer* county, ss.: To any constable of *Ohio* township, greeting: Whereas *Alpha Frisbie* recovered a judgment against *Telford Abshire,* before me, *Robert Stewart,* a justice of the peace, &c., for 92 dollars, with interest, &c., together with costs, &c., and said judgment was replevied on the 14th of *August,* 1840, you are hereby commanded that of the goods and chattels of the said *Telford Abshire* and *Jackson Abshire* in your county, you cause to be made the debt, interest, and costs, &c., by

distress and sale thereof, returning the overplus, if any, &c. Given under my hand and seal this 13th of *June*, 1856. [Signed]    *Robert Stewart* [seal], justice of the peace."

There are seven breaches, the effect of which are, that the constable failed to levy the execution, there being property to be found, &c., and that he failed to make return on the proper return day, &c.

The Court tried the issues, and found for the defendants.   New trial refused and judgment.

The record shows that during the trial the plaintiff offered in evidence the above execution; but his offer was overruled, and he excepted.

The execution thus offered should have been admitted, because it is set out in the complaint and constitutes an essential part of that pleading; and its sufficiency could only be questioned by demurrer.  2 R. S. p. 39, § 54.  The writ is legal on its face, and, being part of the complaint, the reason why it was refused as evidence is not perceivable.   The record does not profess to contain the evidence, and for aught that appears, the officer was bound to execute the writ in good faith and make due return thereon; but whether he was or was not thus bound, the relator had a right, in the first instance, to give it in evidence in support of his action.

The appellee having furnished no brief, we are not informed as to the ground upon which the evidence was rejected.

In view of the case as it stands before us, we think it should have been admitted.

The judgment is reversed with costs.   Cause remanded, &c.

*H. G. Barkwell*, for the appellant.