May Term,<br>1860.

EASTERDAY<br>v.<br>JOY.

---

### EASTERDAY *v.* JOY and Another.

Suit to recover land. The plaintiff relied upon a sheriff's deed. The defendant claimed title as the vendee of the execution-defendant. The sheriff's sale was upon a judgment recovered before a justice, a transcript of which was filed in the office of the clerk of the Common Pleas. The complaint averred that the defendant purchased whilst the writ was in the sheriff's

May Term,
1860.

EASTERDAY
v.
JOY.

hands, and after levy upon the land. The issue upon which the cause was decided was made upon a paragraph of the answer setting up that the judgment-defendant was not, at the time of the rendition of the judgment, a resident of the county, and did not appear to the action. The finding of the Court sustained the facts stated in this paragraph, and declared the judgment a nullity. *Held*, that the paragraph was bad, and the finding erroneous.

*Wednesday,*
*June 6.*

APPEAL from the *Miami* Circuit Court.

HANNA, J.—Suit by the appellant to recover land. He relies upon a sheriff's deed, &c. The defendants claim title as the vendees of the execution-defendant.

One *Hubbard* recovered a judgment against *Jonathan Joy*, before a justice of the peace of *Wabash* county. Execution was issued thereon, and returned no property found, &c. The plaintiff filed a transcript and affidavit in the office of the clerk of the Court of Common Pleas of said county of *Wabash*. An execution was issued to the sheriff of *Miami* county, who levied the same upon the land in controversy, and sold it to said appellant. The complaint avers that the defendants purchased said land of *Jonathan Joy*, whilst said writ was in the hands of the sheriff, and after the same had been levied on said lands.

The defendants filed an answer of nine paragraphs; but before considering any question that may arise upon them, we are asked to pass upon the special, written finding of the Court upon a point on which the Court appears, so far as the record shows, to have decided the case.

It was set up in the answer that the said *Jonathan Joy* was not, at the time of the rendition of the judgment by the justice, &c., a resident of *Wabash* county, but was a resident of *Miami* county, and did not appear to said action. A demurrer was overruled to that portion of the answer.

The plaintiff replied, first, by a denial; second, by pleading the judgment of the justice with the proceedings, substantially.

The Court found as follows: "The Court finds that *Jonathan Joy*, the execution-defendant, was not a resident of *Wabash* county, at the time of the commencement of

the suit in which the judgment was rendered; and that said judgment was, therefore, a nullity, and the sheriff's sale made under it conveyed no title. The above is the evidence in the above cause, and the conclusion of law thereon." [Signed by the judge.]

Upon this finding, the plaintiff moved for a new trial, which was overruled, and a judgment rendered for the defendants.

There were several questions in the case, other than that arising upon the issue made as to the residence of the defendant in the judgment, and the plaintiff contends that this record shows that the Court did not pass upon any of said questions, or issues, except the single one as to the place of residence of the defendant in said judgment; and that issue was immaterial, and did not authorize the Court to render final judgment for the defendant.

There does not appear to have been any finding of a general character; but that the judgment was based upon the finding above set forth; which was upon the issue formed on the sixth paragraph of the answer, averring that *Joy* was a resident of *Miami* county, and that said judgment before the justice, was obtained in *Wabash* county, and that said *Joy* did not appear, &c.; setting forth, with some particularity, the proceedings in said case. It is not averred that *Joy* had not been served with process, even if he could thus have contradicted the return of the officer. See *Westcott* v. *Brown*, at the last term (1).

The answer was not sufficient. *Maxwell* v. *Collins*, 8 Ind. R. 39. The special finding did not authorize the conclusion arrived at. The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*N. O. Ross* and *R. P. Effinger*, for the appellant.

*O. Blake* and *H. P. Biddle*, for the appellees.

(1) 13 Ind. R. 83.

There is a late case in *Massachusetts*, denying the doctrine of that case. 13 Gray, 591. The rule is stated to be otherwise in that state, and numerous authorities are cited.