### LASH and Others v. PERRY.

In an action for possession of, and to quiet title to, real estate, the plaintiff's deed is mere evidence of his title, and it is not, in such sense, the foundation of his action, as to require it to be set out in his complaint, by copy or otherwise.

APPEAL from the *Morgan* Circuit Court.

HANNA, J.—*Nathan Perry* filed a complaint, averring that he was the owner of a described parcel of land; that one *Scaggs* had recovered a judgment, before a Justice, against one *Richard Perry;* had filed a transcript, etc.; taken out execution, and caused the same to be levied upon the land of the plaintiff, which was sold, and said *Lash* became the purchaser, and received a sheriff's deed; that the judgment and proceedings were irregular and void; that he was the owner of the land before, and at, the rendition of the judg-

ment, and continuously thereafter. A transcript of the proceedings, execution, and deed, is filed.

A demurrer to the complaint was overruled. It is insisted that the complaint was defective, because it did not set out a copy of the deed, or other evidence of title, upon which the plaintiff rests his ownership of the lands.

A deed is mere evidence of title. The foundation of the plaintiff's suit is his right to the land, his title; not the evidence of that right or title. Therefore, as the evidence was not the foundation of the suit, the statute does not require that it should be made a part of the complaint.

The relief sought was, that the sheriff's sale and deed should be set aside, and the title of the plaintiff quieted.

The answer did not, in any way, refer to the judicial proceedings, nor claim title under them, but simply averred, that the plaintiff held by virtue of a deed of gift from *Richard*, his father, and that it was made to defraud the creditors of said *Richard*, among whom were the defendants.

It is urged, that the answer is defective, because it does not go to the whole complaint, in this, that it shows no reason why the sale and deed should not be set aside, as prayed.

It was not necessary for the answer to reiterate the facts stated in the complaint, in view of the purpose of the suit. Indeed, by not denying, the defendant admitted the statement to be true, but set up other facts, which, in connection with those already pleaded, he relied upon; that is, that the plaintiffs' deed was fraudulent.

So far as depended upon the pleadings, the facts appeared to be presented to the Court.

*Per Curiam.*—The judgment is reversed, with costs.

*Nave* and *Harrison*, for the appellants.

*Overstreet* and *Hunter*, for the appellee.