## BRAY *v.* HUSSEY.

PLEADING.—COPY OF WRITTEN INSTRUMENT.—In an action to set aside a conveyance of real estate, as fraudulent, and subject the land to the payment of a judgment, the fraud, and not the judgment, is the foundation of the action, and a copy of the record of the judgment need not be filed with the complaint.

JURISDICTION.—TITLE TO REAL ESTATE.—The circuit court has, by statute, exclusive jurisdiction of all cases where the title to real estate is in issue, and, hence, an action to set aside a fraudulent conveyance, and subject land to the satisfaction of a judgment rendered by the court of common pleas, must be brought in the circuit court.

FRAUD.—A took a conveyance of lands from his brother-in-law, B, for a consideration equal to only one-half of their value, and was informed, at the time, of the intention of B to avoid the payment of a debt then in suit, and upon which judgment was afterward recovered.

*Held,* that the transaction must be regarded as fraudulent.

APPEAL from the *Hendricks* Circuit Court.

FRAZER, J.—This was a suit by the appellee to set aside, as fraudulent, a conveyance of a tract of land, made by one *Roberts* to the appellant, and to subject the same to sale on execution to satisfy a judgment in favor of the appellee against *Roberts*, rendered in the *Hendricks* Common Pleas.

The first question presented is, whether the complaint should have exhibited a copy of the record of the judgment. We think not. The foundation of the suit was the fraud alleged in the conveyance to *Bray*, and the statute requires the written instrument to be exhibited with the complaint only when the complaint is founded upon it.   2 G. & H., § 78, p. 104.

It is urged that inasmuch as the judgment sought to be satisfied out of the lands was rendered in the common pleas, that court alone had jurisdiction of this cause.   The statute, (2 G. & H., § 7, p. 21,) and sundry decisions of this court, which will be noticed, are relied upon as sustaining this proposition.   The enactment is, that "in all suits and proceedings in which the circuit and common pleas courts shall have concurrent jurisdiction, the court which shall

first take cognizance thereof shall retain such cognizance exclusively, while the same may be pending in such court." This act was passed on the 14th of *May*, 1852. On the 1st day of *June*, of the same year, an act was passed conferring upon the circuit court exclusive jurisdiction of all cases where the title to real estate shall *be in issue*, (2 G. & H., § 5, p. 6) ; and in 1859, a mode was provided by which all such cases might be procured to be transferred from the common pleas to the circuit court. 2 G. & H., § 11, p. 22. The cases cited on behalf of the appellant (*Ind. & Ills. R. R. Co.* v. *Williams*, 22 Ind. 198, and *Coon* v. *Cook*, 6 *id.* 268,) did not involve the question now under consideration. The first mentioned case merely ruled that the common pleas could not enjoin the execution of final process issued out of the circuit court. In *Coon* v. *Cook*, it was held, that where land of an infant had been sold by a guardian, under an order of the probate court, a bill in chancery would not lie in the circuit court, on behalf of the purchaser, to compel a specific performance of the contract. The reason upon which these cases rest is, that each court had jurisdiction of the original cause, and also jurisdiction to grant the relief claimed by the subsequent suits, and, hence, that the statute (2 G. & H., § 7, p. 21,) was applicable. We need not, therefore, examine these cases further.

The case before us is one in which the title to lands is in issue, and, indeed, that issue constitutes the sole subject of controversy. It is not sought to interfere with the process of the common pleas, but to subject property to the satisfaction of its judgment. The subject matter is one which the legislature has chosen to withhold from the jurisdiction of the common pleas. It does not, by law, possess faculties enabling it to try the issue. The circuit court has exclusive jurisdiction by the positive terms of the statute, and we cannot, surely, deny that jurisdiction. We do not regard the two statutes (2 G. & H., § 7, p. 21, and *id.*, § 5, p. 6,) as being in conflict, as they apply to the case before us; but if they are, then the act of *June* 1 must he held, so far, to repeal that of *May* 14, and, in either

event, wo would be conducted to the same result in the present case, which is, that the circuit court had jurisdiction of the cause.

The second paragraph of *Bray's* answer averred that he purchased the land of the judgment debtor, in good faith, for the sole purpose of obtaining thereby satisfaction of certain debts due him, and to indemnify himself against the loss of certain sums for which he was the debtor's surety, and denied all fraudulent purpose or intention in making the purchase. The plaintiff, *Hussey*, in his reply, admitted that *Bray* purchased for the purposes alleged in the second paragraph of the answer, and denied everything else alleged in that paragraph. The weight of the evidence disclosed that the land, subject to incumbrances which were upon it, was worth about $600; it was purchased by *Bray* for $340 25, being a little over one-half its value; he was a brother-in-law of *Roberts*, knew that the suit was pending which resulted in the judgment in favor of *Hussey*, and was told by *Roberts* that he did not intend to pay any judgment that *Hussey* might obtain. To take the conveyance under such circumstances, and with such notice of the purposes of *Roberts*, and when the land was sufficient in value to pay him for all his liabilities on account of *Roberts*, and also to satisfy a large part of *Hussey's* claim, was to enter into a transaction which cannot receive the sanction of any court. The question in issue by the pleadings was as to his intent in taking the conveyance, and we cannot, upon this evidence, say that the finding of the court below was not right. The decree directed the sale of the land, subject to incumbrances; that the proceeds be applied first to the payment of the sums for which *Bray* was liable as the surety of *Roberts*, and the balance upon *Hussey's* judgment. We cannot conceive how, under the evidence, a result more favorable to *Bray* could be expected were we to direct a new trial.

The judgment is affirmed, with costs.

*C. C. Nave*, for appellant.

*P. S. Kennedy*, for appellee.