*S. Major*, for appellants.

*B. F. Davis, E. H. Davis*, and *C. Wright*, for appellees.

---

### Clegg and Another v. Patterson.

RECORD.—*Default.—Motion to Set Aside.—Affidavit.*—An affidavit in support of a motion to set aside a default can be made a part of the record by a bill of exceptions only.

PROCESS.—*Service of.—Sheriff.*—In a suit against a sheriff and another for an injunction, to restrain the former from selling certain real estate upon an execution in favor of his co-defendant, the summons was placed in the hands of the sheriff, who acknowledged thereon service on himself and served it on his co-defendant.

*Held*, that such service on said co-defendant was not void.

*Held*, also, that an objection to such service could not be made first in the Supreme Court.

PLEADING.—*Copy of Written Instrument.*—It was not necessary in such case to file with the complaint a copy of such execution.

SAME.—*Demurrer.*—Where a complaint on its face shows a valid cause of action, and no demurrer has been filed thereto, it cannot be objected to in the Supreme Court for a failure to file therewith, as directed by the statute, a copy of a written instrument on which the action is founded.

APPEAL from the Clark Common Pleas.

ELLIOTT, J.—Patterson filed a complaint against Clegg and Bellows, the sheriff, praying for an injunction against the sale of certain real estate levied on by Bellows, as sheriff, by virtue of an execution in his hands in favor of Clegg against Patterson. Process was issued in the case and placed in the hands of the defendant Bellows, the sheriff, for service. Bellows acknowledged service on himself, on the summons, and served it on Clegg. On the second day of the succeeding term the defendants were called, and not appearing, a default was taken against them, and a decree

of perpetual injunction rendered. On the same day Clegg appeared, and finding that he had been defaulted, filed an affidavit, and, thereupon, moved the court to set aside the default and permit him to appear and plead to the complaint. The motion was overruled. Clegg excepted, and appeals here.

Overruling the motion to set aside the default is assigned for error. · The affidavit, in which alone the grounds for setting aside the default are stated, is copied into the record, but improperly so, as it could only be made a part of the record by a bill of exceptions, which was not done, and we cannot, therefore, notice it. Without it, no reason appears for setting aside the default. *Whiteside* v. *Adams*, 26 Ind. 250.

The service of the process on Clegg is also objected to, because it was served by the sheriff, who was also a defendant in the suit. Bellows, the sheriff, was but a nominal party to the suit. He was not interested in the merits of the controversy. The service of the summons by him on Clegg, even if irregular, was not void. And no objection was made to the service in the motion to set aside the default, and it cannot be properly made for the first time in this court. *Whiteside* v. *Adams, supra.*

The complaint is said to be bad because a copy of the execution levied on the property of the appellee, the sale of which was sought to be enjoined, and transcripts of certain judgments referred to in the complaint, were not filed with it. The action was not founded on the judgments and execution referred to, within the meaning of the statute, and hence it was not necessary to file copies thereof with the complaint. But if it were, as the complaint was not demurred to in the court below, the objection cannot be taken in this court, the complaint, on its face, showing a valid cause of action.

The judgment is affirmed, with costs.

*C. L. Dunham* and *M. Clegg*, for appellants.

*G. V. Howk, R. M. Weir*, and *M. C. Hester*, for appellee.