## HEITMAN v. SCHNEK.

PRACTICE.—*Assignment of Error.*—That a complaint does not state facts sufficient to constitute a cause of action, may be assigned for error in the Supreme Court, though the objection be not raised by demurrer in the court below.

PLEADING.—*Complaint.*—*Copies of Instruments.*—In a complaint to have satisfaction entered of a mortgage on real estate, and to quiet title thereto, where it is alleged that the mortgage debt has been paid, it is not necessary to set out a copy of the mortgage and notes secured thereby, or copies of deeds of conveyance and a decree of partition mentioned in the complaint as constituting the title of the plaintiff.

APPEAL from the Jackson Circuit Court.

BUSKIRK, J.—This was a proceeding on the part of the appellee against the appellant to have satisfaction entered of a mortgage on certain real estate owned by the appellant, and to quiet his title thereto.

The material facts stated in the complaint are these: That on the 7th day of September, 1865, Sarah Owens, Susan Heitman, and Elizabeth Kirsher were each the owners in fee simple of an undivided third part of the following described real estate, situated in the county of Jackson, Indiana, namely: The west half of the north-east quarter of section 13, town 6, north of range 5 east, containing eighty acres; that on said day, Sarah Owens, with her husband, John L. Owens, and the said Susan Heitman, with William H. Heitman, her husband, executed to Henry Heitman a mortgage

on the undivided two-thirds of said real estate, to secure the payment to the said Henry Heitman of two thousand dollars, which mortgage was duly recorded on the 11th day of October, 1865; that on the 21st day of November, 1865, the said Sarah Owens, with her said husband, conveyed to the appellee the one undivided one-third part of said real estate; that on the 12th day of December, 1865, the said Elizabeth Kirsher, with Thomas R. Kirsher, her husband, conveyed to the plaintiff, the appellee here, the one undivided third part of said real estate; that on the 6th day of April, 1866, the said Susan Heitman, with her husband, Willian H. Heitman, conveyed to the appellant, Henry Heitman, the one undivided third part of said real estate; that in an action wherein the appellee was plaintiff and the appellant was defendant, the Jackson Common Pleas Court made and entered a decree dividing and partitioning the said real estate between the owners thereof, whereby there was assigned to the appellee fifty acres, as and for his two-thirds part, in value of the said eighty-acre tract of land, and the residue thereof was assigned to the said Henry Heitman, as and for his one-third part of said eighty-acre tract of land; that afterward the appellee paid to the appellant one thousand one hundred and eighty dollars on the said mortgage, that being the full one-half of the amount then due; that by such payment the appellee became and was entitled to have and to hold his said part of said real estate, so assigned to him as aforesaid, free from the lien and incumbrance of said mortgage; that the said Henry Heitman, although often requested, wholly neglects and refuses to release the lands of the plaintiff from the said lien and incumbrance; and that the said mortgage was a cloud upon the plaintiff's title to his said land.

The prayer of the complaint was, that the said cloud upon the title of the plaintiff should be removed; that his part of said land be adjudged free from the lien and incumbrance of said mortgage, and that the said Henry Heitman be required to enter upon the record satisfaction in full of said mortgage, so far as the same affected the lands of the plaintiff.

There was issue, trial by the court, finding for the plaintiff, motion for a new trial overruled, and judgment on the finding, in accordance with the prayer of the complaint. The evidence is not in the record.

The appellant has assigned the following errors:

"1st. The complaint is defective in not containing a copy of the mortgage and notes, or at least a copy of the mortgage sought to be satisfied by the plaintiff's proceedings.

"2d. The complaint does not show any copy of the deeds mentioned in the complaint, and so was, and is, defective.

"3d. The complaint does not show any copy of the judgment of partition of the lands in the said complaint described.

"4th. The decree and order of the court in this cause were wholly unauthorized by the averments of the complaint and the proofs in the cause."

It is maintained by the appellee, with great earnestness, that the above are not valid assignments of error, and present no question for the decision of this court.

· The 54th section of the code reads as follows:

"Sec. 54. When any of the matters enumerated in section fifty do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." 2 G. & H. 81.

The above section, as it was originally passed, did not contain the last exception. That exception was added by amendment in 1855. Prior to such amendment, this court held that if the objection was not taken by demurrer or answer, it was waived, except as to the jurisdiction of the court over the subject of the action. *Johnson* v. *Stebbins,* 5 Ind. 364; *Mason* v. *Toner,* 6 Ind. 328; *Gimbel* v. *Smidth,* ·7 Ind. 627; *Lewis* v. *Lewis,* 9 Ind. 105; *The State* v. *Hart,* 12 Ind. 424; *The Marion, etc., R. R. Co.* v. *Lomax,* 7 Ind.

406; *Riser* v. *Snoddy*, 7 Ind. 442; *Freeman* v. *Robinson*, 7 Ind. 321.

There are numerous decisions of this court since the above section was amended, by adding the words, "and except the objection that the complaint does not state facts sufficient to constitute a cause of action," that it may be assigned for error in this court, that the complaint does not state facts sufficient to constitute a cause of action, though the objection was not raised by demurrer in the court below. *Bolster* v. *Catterlin*, 10 Ind. 117; *Blacklege* v. *Benedick*, 12 Ind. 389; *Ellis* v. *Miller*, 9 Ind. 210; *Hayworth* v. *The Junction R. R. Co.*, 13 Ind. 348; *Halderman* v. *Birdsall*, 14 Ind. 304; *Easterday* v. *Joy*, 14 Ind. 371.

The appellant sought by the first, second, and third assignments of error to raise the question of whether the complaint stated facts sufficient to constitute a cause of action. The better practice would have been to have stated, in the language of the statute, that the complaint does not state facts sufficient to constitute a cause of action; and the objections to the complaint should be stated in the brief, and not set out in detail in the assignments of error, as has been done in the case under consideration. We, however, regard the assignments as substantially good.

The fourth assignment of error presents no question for our decision. There was no exception taken to the form of the judgment. The evidence is not in the record. In such case we will presume that the finding and judgment were authorized by the pleadings and supported by the evidence.

It remains for us to inquire whether the objections urged to the complaint are valid. As has been shown, this was an action to remove a lien and incumbrance from real estate and to quiet the title thereto. The only objection urged to the sufficiency of the complaint is, that the mortgage, deeds of conveyance, and decree of partition, are not filed and made a part of the complaint. It is provided by section 78 of the code, 2 G. & H. 104, that "when any pleading is

founded on a written instrument or on account, the original or a copy thereof must be filed with the pleading."

In our opinion, this action was not founded upon either the mortgage, the deeds, or the decree of the court in the action for partition. The plaintiff did not seek to enforce the mortgage, nor did he claim any rights under it; but he asked protection from an injury which he alleged the existence of the mortgage was working him. He alleged that the mortgage as to·him had been paid, and that its continued existence upon the public records cast a cloud upon his title, which he sought to have removed by having satisfaction of the mortgage entered, so far as it affected his lands. The real foundation of the suit was the refusal of the appellant to satisfy the mortgage and thus remove the incumbrance from his land and the cloud from the title thereto. The mortgage created the lien, the deeds and decree in partition were evidence of his title, and the payment of his share of the mortgage entitled him to have the lien removed. The deeds and decree of partition were the mere evidence of his title, which, as to them, brings this case directly within the rule laid down in *Lash* v. *Perry*, 19 Ind. 322. The mortgage was closely connected with, but did not constitute, the foundation of the action. *Bales* v. *Weddle*, 14 Ind. 349; *Cameron* v. *Warbritton*, 9 Ind. 351; *Bray* v. *Hussey*, 24 Ind. 228; *Westfall* v. *Stark*, 24 Ind. 377; *Vanschoiack* v. *Farrow*, 25 Ind. 310; *Clegg* v. *Patterson*, 32 Ind. 135; *Smith* v. *Hunter*, 33 Ind. 106; *Lytle* v. *Lytle*, 37 Ind. 281.

We are very clearly of the opinion that the objections urged to the complaint are untenable.

The judgment is affirmed, with costs.

*M. M. Ray, G. H. Voss,* and *B. F. Davis,* for appellant.

*W. K. Marshall, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellee.