**T. T. Jones v. S. B. Gray, M. S. Gray and D. D. Gray.**

1. MASTERS IN CHANCERY—*Duty to Fix Conditions in Bonds When Ordering Injunctions.*—It is the duty of a master in chancery when ordering an injunction, to prescribe the conditions of the bond to be given. It is no part of the duty of a party applying for the injunction to determine such conditions, and he is not responsible for mistakes in the bond unless willful, or intentionally fraudulent.

2. PRACTICE—*Waiver of Defects in Injunction Bonds.*—Where a defective injunction bond is filed, the defendant, by failing to move the court for a rule on the complainant to file a sufficient bond or to dissolve the injunction, acquiesces in the bond as filed, and can not raise the objection afterward.

**Debt,** on an injunction bond. Appeal from the City Court of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

ANDREWS & VAUSE, attorneys for appellant.

JAMES W. and EDWARD C. CRAIG, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In the beginning this was an action of debt by appellant against appellee and another upon an injunction bond, and the court having sustained a demurrer to the declaration, appellant, by leave of the court amended the same and changed the form of action to assumpsit. The amended declaration recites the order of the master in chancery to issue the injunction writ upon giving bond in the sum of $300, to be signed by appellee and James W. Craig; that a bond was executed in such sum to appellee and three other persons, who were co-complainants in the bill upon which the injunction issued, conditioned that if the complainants in the bill would, in case the injunction should be dissolved, pay all costs and such damages as the court should award against the complainants in the bill, then the bond should be void; that the injunction issued as prayed, which afterward, by decree of the Circuit Court, was made perpetual, and that decree was later reversed by the Supreme Court and the cause remanded with directions to dismiss the bill for want of equity. The declaration avers and describes damages in various items by reason of the injunction, amounting to $246, concluding, " and by means of which premises the defendant promised and agreed and became liable to pay to the said T. T. Jones, damages to the amount of $300," which remain wholly unpaid, etc. The court sustained a demurrer to the amended declaration, and appellant abiding by the demurrer, final judgment in bar of the action was entered against him, to reverse which he prosecutes this appeal, arguing such action of the court as error.

Appellant's counsel in their argument contend two questions are presented by the record : first, was it the duty of the complainants after the master made the order, to file a joint and several bond, and second, will an action lie for a failure to perform a legal duty. Counsel contend in their argument that the damages sustained by appellant were several, that is, personal to him alone, and the bond being joint, he was therefore without remedy by action upon the bond. For the purposes of this decision we may assume that such is the proper construction of the declaration,

Jones v. Gray.

which brings us to a consideration of the first of the questions above stated : Was it the duty of the complainants to file a joint and several bond ? We think this question may be properly answered by a reference to the statute. Section 8 of the statute in relation to injunctions prescribes the amount and conditions of the bond to be given, before an injunction shall issue to enjoin a judgment, and the following section, 9, provides that in all other cases before an injunction shall issue, the complainant shall give bond in such penalty and upon such conditions and with such security, as may be required by the court, judge or master granting or ordering the injunction, provided bond need not be required, when for good cause shown, the court, judge or master is of the opinion that the injunction. ought to be granted without bond. By the provisions of this statute it was the duty of the master ordering the injunction to prescribe the conditions to be contained in the bond, and it was the duty of complainants to file a bond in conformity to such order. The order of the master in the case was general, without prescribing the condition of the bond, and hence complainants were thus permitted to decide for themselves what the conditions should be, and they executed the bond that was filed. It was no part of their duty to determine the exact or proper conditions to be recited, and if they made a mistake, unless it was willful, or intentionally fraudulent, and there is no suggestion of that kind, they should not be held responsible for mere inaccuracy of judgment. Besides all this we think appellant, by failing to move the court for a rule upon complainants to file a bond adequately conditioned, or to dissolve the injunction in consequence of the insufficiency of the bond then on file, which according to the usual practice he had the right to do, thereby acquiesced in the bond that was filed. Had such objection been made in the court where the bond was deposited, little doubt can be entertained the conditions now insisted upon would have been supplied; at least such a ruling of the court would have followed as would be binding upon the parties. It not infrequently happens that by the

inattention of the parties in judicial proceedings their rights are lost beyond the powers of courts to control, for it is important that an end be put to litigation as well as that justice should be done in every case. It follows, therefore, from what we have already said, that appellees' owed no duty to appellant but to file such bond as the master required, and having done this, as far as we are able to discover they are not to be held responsible, either for the mistake of the officer, or for their own mistake of judgment, if such mistake they made, and this being true, the other question stated by counsel answers itself. Appellee being guilty of no breach of duty in respect to the form of the bond in question, no liability, outside of the bond itself, attaches to them, because the bond is now in a different form from that in which appellant claims it ought to have been. No question is made upon the declaration or in the argument whether assumpsit or any other form of action would lie directly for the damages sustained, independently of the failure to give a sufficient bond, and we express no opinion thereon. The questions decided being the only questions presented by appellant for our decision, and having resolved them adversely to his contention, the judgment of the city court will be affirmed.