(64 South. 407.)

No. 19,757.

## TINNEY v. VITTUR.

(Jan. 19, 1914.    Rehearing Denied Feb. 16, 1914.)

*(Syllabus by the Court.)*

1. PROCESS (§§ 67, 154*)—WAIVER OF SERVICE —INJUNCTION.

A sheriff may accept service of a petition for an injunction and waive service of the writ; but, even if he had not done so, an exception of improper service is personal to him and cannot be urged by his codefendant in injunction.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 54, 161, 209; Dec. Dig. §§ 67, 154.*]

2. INJUNCTION (§ 148*)—BOND — QUALIFICATION OF SURETY.

If a surety on a bond is worth the amount of the bond, he is a good surety, and it is not necessary that he should own real estate to qualify as surety.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 323–334; Dec. Dig. § 148.*]

3. HOMESTEAD (§ 141*)—EXEMPTION—SURVIVING WIFE.

Where the surviving wife as the head of a family is in possession of community property as owner of an undivided one-half and usufructuary of the other undivided one-half, she is entitled to a homestead exemption of the whole property.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 261–270; Dec. Dig. § 141.*]

4. HOMESTEAD (§ 70*)—EXEMPTION—NONCONTIGUOUS TRACTS.

In order to claim a homestead exemption on two tracts of land, they must be adjacent, and, where the lot on which the person claiming an exemption lives is separated from the second tract by other land, the exemption will not be allowed on the second tract.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 100–103; Dec. Dig. § 70.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Action by Mrs. W. H. Tinney against Mrs. A. Vittur. Judgment was rendered for plaintiff, and from a judgment on defendant's petition to enjoin the sale of certain property seized, which judgment held one lot exempt and one not exempt, defendant (plaintiff in injunction) appeals. Affirmed.

Robert J. Perkins and Clifford E. Hays, both of New Orleans, for appellant. Prentice E. Edrington, Jr., and Conrad A. Buchler, both of New Orleans, for appellee.

BREAUX, C. J. Plaintiff obtained judgment against Mrs. A. Vittur for the sum of $54.60 with legal interest from judicial demand.

Plaintiff caused the property of the defendant and of her children to be seized.

The sheriff advertised the property for sale by public auction.

Mrs. Vittur, a feme sole, widow of August Vittur, in her petition for an injunction alleged that the property is her homestead; averred: That seven children, still minors, are the issue of her marriage with August Vittur. That they are dependent upon her for support and maintenance. That she and her children have no property other than the land herein described. That this land is not worth over $150 and that she and her children are in necessitous circumstances. That she and her children are the owners. It is property of the community which existed between her and her late husband, August Vittur.

That this land is in her possession and is occupied by her as a homestead.

The defendant in injunction moved to set aside the writ of injunction on the grounds: (1) That the petition and writ of injunction were not served in manner and form required. (2) The surety on the bond is not good and solvent. (3) The property on which plaintiff claims a homestead exemption is held in indivision and is not claimable as a

homestead. (4) That plaintiff's allegations for the injunction are not true. (5) That the claimant for the homestead does not reside upon the land—one of the requisites to the right of homestead.

Upon trial of this motion, it was admitted that the sheriff accepted service of petition and waived service of citation and waived service of the writ of injunction.

It is in proof that the security on the bond was worth over the amount of the bond; the only objection was that he did not own immovable property.

Plaintiff in injunction testified that she owned part of the land and controlled the other pieces as lessee. She raises vegetables on the lots and manages to support her children.

[1] As to the first objection urged by Mrs. Tinney, that there was no service made on the defendant in injunction, it is sufficient to state in answer that the sheriff accepted service and waived citation and service of the writ, as he had a right to do.

He may waive service; there is nothing prohibiting the waiver of service by the sheriff. C. P. art. 177.

No exception: The sheriff does not object to want of citation, and the defendant in injunction is without grounds to object. As relates to the surety on the appeal bond, the only objection is that his property does not consist of real estate.

[2] A surety may be worth sufficient in amount to sign a bond as surety without owning real estate. The following are conclusive against appellee's contention: State v. Judge, 27 La. Ann. 685, and page 698 of the same volume.

See Revised Civil Code, 3042 and the amendment, Act. 225 of 1908.

[3] Regarding property held in indivision, it is sufficient to state that property held in indivision between the mother and her children, as in this instance, may be held exempt from seizure, if it be subject to their homestead right. This court, in Lyons v. Andry, 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299, held that the dissolution of the community by the death of one of the spouses did not have the effect of putting an end to the right of homestead on the property of the community. The surviving wife, if she be the head of a family, may hold property under homestead exemption. Harrelson v. Webb, 124 La. 1007, 1011, 50 South. 833, 134 Am. St. Rep. 529.

See Maxwell v. Roach, 106 La. 128, 30 South. 251; Speyrer v. Miller, 108 La. 208, 32 South. 524, 61 L. R. A. 781; Lyons v. Andry, 106 La. 357, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299.

Now as to that part of the judgment rejecting part of demand of plaintiff in injunction: We have gone thus far into the merits of the case, although there was no necessity. Even if the jurisprudence be not as above stated, for reasons hereafter given, the judgment must be affirmed.

Counsel for defendant in his brief reproduces the judgment which has been rendered:

"It is further ordered that said injunction be maintained in so far as it affects the property described as a portion of land situated on the right bank of the Mississippi river in the parish of St. Charles."

Here the property is described in the judgment.

The following explains why it is that we conclude not to pursue the subject of property held in indivision, and while we are influenced to hold that the foregoing described property is exempt from seizure, in any event, it is of no moment, as it is not an issue.

The defendant in injunction (appellee) has made no motion on appeal to amend the judgment of the district court. It must therefore stand as correct, as we have no authority to amend a judgment on behalf of an appellee who has not asked for an amendment.

Besides, in argument, appellee concedes that plaintiff in injunction is entitled to exemption from seizure of the property before described. She opposes plaintiff in injunction's petition for the exemption of the second lot.

The other lot seized, which defendant in the seizure claims is exempt from seizure under the homestead law, is property owned by the widow and her children; it is about the same width and length and worth about as much or as little.

[4] The contention of the seizing creditor is that it is not adjacent to the lot before mentioned. It is true that strip of land separates the two lots.

The second lot which plaintiff in injunction claims under the homestead law is about 300 feet from the lot on which she lives. There are two lots between the two lots on which plaintiff claims exemption, i. e., the lots on which she claims exemption are not contiguous, but separated by two lots of which she is not the owner.

The point is that, not being contiguous, the second lot on which she claims exemption is not exempt.

After having considered the question, we concluded to affirm the judgment of the district court in which it is held that this second lot, described in the judgment, is not exempt and that only the first described lot is exempt.

The question has been discussed in other jurisdictions, but not in this state.

There is a divergence of views in other jurisdictions as to whether the homestead may consist of separate parcels of land, not contiguous. In some jurisdictions it is well settled that the exempted premises must comprise contiguous tracts.

The foregoing from Cyc., vol. 21, p. 494, is sustained by a large number of decisions cited in the note.

The rule is sustained in nearly every one of the states. There are only a few decisions to the contrary in other jurisdictions.

In the American Digest, Century Edition, vol. 25, p. 222, column 2, a large number of decisions are quoted, forcible to the view that property not adjacent is not exempt.

In Bouvier's Law Dictionary, verbo "Homestead," par. 3, p. 757, column 1, it is stated: There is a conflict of decisions as to whether a tract of land detached from the one on which the homestead dwelling house is built, but used by the debtor in connection with it, is exempt. The opinion supported by the weight of authority is that it is not, citing Thompson on Homestead and Exemption, par. 145, Reynolds v. Hull, 36 Iowa, 394. Bouvier cites decisions of the Texas Supreme Court, in which state it is well known the policy has been not against, but favorable to homestead exemptions.

There is no good reason to hold differently under our Constitution.

While we have no decisions in our own courts directly in point, the general tendency has been to consider exempted land from seizure as being in one body.

For reasons assigned, the judgment of the district court is affirmed. Costs of appeal to be paid by appellant. Costs in the district court to be paid by Mrs. W. H. Tinney.