LAND, J.
The Bank of Winnfield, having obtained a judgment against J. G. McKethan (plaintiff herein), caused a writ of fieri facias to issue thereon, and the sheriff in execution of said writ seized two pieces of land, belonging to the said McKethan — one a house and lot, and the other 40 acres of land. These properties are not contiguous.
Plaintiff enjoined the sale on the ground that the lot and the 40-acre tract constituted his homestead, exempt from seizure under article 244 of the Constitution of 1898.
On the trial of the injunction, the Bank of Winnfield in open court released the seizure of the house and lot, occupied as a residence by the plaintiff and his family, and trial was had on the issue of the exemption of the 40-acre tract. On this issue there was judgment in favor of the defendant bank, dissolving the injunction. Plaintiff has appealed.
According to the allegations of the petition, the plaintiff established his homestead, on the lot, near the station of Lawhon. He testified, in effect, that he started to build on the 40-acre tract, but changed his mind, and built a small house on the lot, intending at some future time to erect a residence on the 40-acre tract.
• The contention of the defendant bank is: First, that the plaintiff is not entitled to a homestead both rural and urban; and, second, that the land constituting, a homestead must be adjoining and contiguous.
The last proposition was considered in the case of Tinney v. Vittur, 134 La. 549, 64 South. 407, in which Breaux, C. J., was the organ of the court. The syllabus of that ease reads, in part, as follows:
“In order to claim a homestead exemption on two tracts of land, they must be adjacent, and, where the lot on which the person claiming an exemption lives is separated from the second tract by other land, the exemption will not be allowed on the second tract.”
The syllabus was written by Chief Justice Breaux, and is in accord with the text of the opinion. The case is directly in point. Counsel for appellant say that a single decision will not support the rule of stare decisis, but they cite no authorities in support of their contention that Tinney v. Vittur should not be followed. That case was well considered, and was decided in accordance with, what we conceived to be the weight of authority in other jurisdictions. See 21 Cyc. *148 494, notes. Most of the cases cited to the contrary seem to admit the general rule, but hold that two distinct parcels of land may be so connected in their' particular use and appropriation as to be exempted as a homestead, although they are not contiguous; for example, where two tracts are connected by a passageway and used as one tract, or if they are merely separated' by a fence, or where one tract is used to support a cow kept on the other tract. Id.
The case at bar does not even fall within the minority rule as stated in 21 Oyc. 494.
We prefer, however, to rest our decision on Tinney v. Vittur, which restricts the homestead to the lot or tract of land, on which the debtor actually resides with his family. Under the construction contended for by the appellant, a debtor might have both an urban and a rural homestead.
A “homestead” is “the land and building thereon occupied by the owner as a home for himself and family, if any.” Webster’s New International Dictionary, Verbo. Hence under article 244 of the Constitution a tract or parcel of land, not occupied by the debtor as a home, cannot be included in his homestead. This is the reason for the rule that a homestead exemption cannot extend to two distinct and separate parcels of land.
We have considered appellee’s prayer for the amendment of the judgment below as to costs. We think it is correct, as the plaintiff’s injunction was maintained in part
Judgment affirmed.