MANSFIELD v. RAMSEY. (No. 246.)

(Court of Civil Appeals of Texas. Beaumont. June 9, 1917.)

1. JUDGMENT ⬤=17(9)—PROCESS TO SUSTAIN—AUTHORITY OF OFFICER.

Where the petition shows that the sheriff is a party to the suit, or is interested therein, the citation shall be addressed to a constable of his county, and citation served by a sheriff through his deputy, on either the sheriff or his codefendant, will not support a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 31.]

2. PROCESS ⬤=166—AUTHORITY TO SERVE CITATION—WAIVER OF OBJECTIONS.

Where citation in suit against a sheriff and a judgment creditor to restrain execution, issued to the sheriff and the deputy, served both parties, and the judgment creditor objected only to the service on the sheriff, objection that under Vernon's Sayles' Ann. Civ. St. 1914, art. 1854, the sheriff could not serve his codefendant was waived.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 250–255.]

3. APPEAL AND ERROR ⬤=880(1)—RIGHT TO ALLEGE ERROR—COPARTIES.

In such case, where the sheriff was served with no citation in error and made no complaint on appeal, the judgment creditor could not complain of irregularity in the service as to the sheriff.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 3584, 3585, 3587, 3589, 3590.]

4. APPEAL AND ERROR ⬤=408—CITATION—CERTAINTY.

Sheriff's return of citation, showing that it was "executed in Harris county by delivering to each defendant in person a true copy," followed by name of defendant, date, and hour, was sufficiently certain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2133.]

5. APPEAL AND ERROR ⬤=1043(5)—HARMLESS ERROR — INJUNCTION BOND — EFFECT OF FINAL DECREE.

That too small an injunction bond was originally required is not reversible error, where the injunction was properly issued, and the final decree released the surety.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4119.]

6. INJUNCTION ⬤=159 — BOND — DEFECTS — FAILURE TO OBJECT.

Defects in injunction bonds are waived, unless taken advantage of by motion to correct or to dissolve.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 344.]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Injunction by W. R. Williams, as agent for D. D. Ramsey, against H. P. Mansfield and another. Decree for complainant, and Mansfield brings error. Affirmed.

L. M. Ballowe, of Houston, for plaintiff in error. A. R. & W. P. Hamblen and Cole & Cole, all of Houston, for defendants in error.

BROOKE, J. This was a suit in injunction in the Eleventh district court of Harris county, filed on February 1, 1915, by one W. R. Williams, styling himself the agent of one D. D. Ramsey, who resided in Richmond, Ind., against M. P. Hammond as sheriff of Harris county, and H. P. Mansfield, and in this suit it is correctly alleged that H. P. Mansfield was the owner and holder of a certain judgment theretofore obtained by him as plaintiff against W. R. Williams, being in the Eleventh district court of Harris county. In this cause, being numbered 56,345 in said abovementioned court, H. P. Mansfield recovered a judgment against W. R. Williams in the sum of $1,150, and costs of court in the sum of $111.29, and under this judgment caused M. F. Hammond, sheriff of Harris county, to make levy on the property mentioned in plaintiff's petition in this cause, to satisfy said judgment. W. R. Williams makes affidavit for injunction under the petition prepared by his attorneys, to restrain the sale of the land to satisfy the judgment obtained as aforesaid, by H. P. Mansfield. The honorable judge of the Eleventh district court of Harris county, being the same court wherein the judgment against W. R. Williams had been obtained by H. P. Mansfield, upon being presented with the petition in this cause granted the temporary injunction as prayed for, to restrain this sale under execution, upon applicant giving bond in the sum of $500. Upon the filing of the bond, the writ of injunction issued from the proper source, together with the citation, and both were delivered to M. F. Hammond, sheriff of Harris county, and in both instances service was had on M. F. Hammond, sheriff of Harris county being served by M. F. Hammond, sheriff of Harris county, Tex., by his deputy, Tom C. Smith, and H. P. Mansfield was served in the same manner by the same deputy, the return as to service on both Hammond and Mansfield being on the same instrument. M. F. Hammond filed an answer. H. P. Mansfield made no answer. A final permanent injunction was rendered in this cause in default against H. P. Mansfield, and decree approved on April 28, 1915.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The assignments have been grouped and treated together, as follows:

(a) The court erred in rendering judgment by default in this cause, because the return of the officer serving the same shows conclusively that M. F. Hammond, by his deputy, Tom C. Smith, served the citation on M. F. Hammond, in his capacity as sheriff, which service was contrary to article 1854, Revised Statutes of the state of Texas.

(b) The court erred in rendering a judgment by default in this cause, because the officer's return on the citation does not show conclusively that each of the defendants named were served with the citation at the time and place indicated, which on the original return is misleading, in the sense that M. F. Hammond and H. P. Mansfield were served at "the office of Sheriff Houston, Harris county, Tex."

(c) The court erred in rendering a judgment by default in this cause, because the injunction sought and prayed for by plaintiff, D. D. Ramsey, was not verified by a proper person, nor in the manner required by law.

(d) The court erred in rendering a judgment by default in this cause, because of the insufficient and contrary to statute order of the trial judge in this cause, wherein the injunction sought was to restrain a sale under a judgment and execution, and the amount of the bond required of the applicant should have been fixed at twice the amount of the judgment and costs, which bond in this cause should have been fixed at $2,520.58, instead of the amount of $500, as required by statute in injunction restraining sale under execution.

(e) The court erred in rendering a judgment by default in this cause, and primarily in granting even the temporary injunction therein, for the reason that the petition filed in this cause, praying for injunction, plainly shows that the applicant therefor had no interest in the property about to be sold by the sheriff under execution aforesaid, and that the court erred in granting said injunction and in rendering a judgment, temporary and final thereon.

[1] Under the above assignments, the appellant offers the following proposition:

"Where it appears from the petition that the sheriff is a party to the suit, or is interested therein, the citation shall be addressed to any constable of his county, and a citation served by a sheriff through his deputy, on either the sheriff or his codefendant, is erroneous, and will not support a judgment by default."

To which we agree as being correct.

However, objection is made to the consideration of plaintiff in error's proposition in so far as it makes complaint that the sheriff could not serve his codefendant, H. P. Mansfield, for the reason that so much of said proposition fails to comply with article 1612 of Vernon's Sayles' Texas Civil Statutes 1914, in that said assignment does not specify that portion of the error urged by the proposition thereunder as makes complaint that the sheriff could not serve his codefendant, H. P. Mansfield, and so much of said proposition asserted under said assignment is not based upon, nor justified by, nor germane to, said first assignment of error under which said proposition is urged; and therefore so much of said objection to the sheriff serving his codefendant as is urged in said proposition should be, as provided by said statute, regarded as waived.

[2] It is plain that the first assignment of error filed below by plaintiff makes no complaint that the defendant, H. P. Mansfield, was served by the deputy sheriff; the complaint urged being purely that M. F. Hammond could not serve himself, through his deputy, Tom C. Smith. So much, then, of the first proposition under the first assignment of error as makes complaint that the sheriff is not authorized under article 1854, Revised Statutes, to serve his codefendant, H. P. Mansfield, must be considered as waived, and will not be considered. Article 1612, Vernon's Sayles' Texas Civil Statutes 1914, reads as follows:

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of record from the clerk's office, * * * and provided further, that all errors not distinctly specified, are waived. * * *"

In all four assignments of error filed by the appellant, neither of them even hinted at so much of the first proposition as found fault with the service, in that the sheriff was not authorized to serve his codefendant, H. P. Mansfield. However, it has been held that where the sheriff has only a nominal interest in the suit, service by him or by his deputy on himself, as well as service by him or by his deputy on his codefendant, who is the substantial party defendant, is valid.

It is contended that article 1854, Vernon's Sayles' Texas Civil Statutes 1914, has reference only to cases where the sheriff is a substantial party interested in the litigation.

In the case of Clegg v. Patterson, 32 Ind. 135, it seems that Patterson filed a complaint against Clegg and Bellows, sheriff, praying for injunction against the sale of certain real estate levied on by plaintiff as sheriff, by virtue of execution in his hands in favor of Clegg against Patterson. Process was issued in the case, and was placed in the hands of the defendant, Bellows, for service. Bellows acknowledged service on himself, and served it on Clegg. On the second day of the succeeding term, the defendants were called, and, not appearing, a default was taken against them, and a decree of perpetual injunction rendered. On the same day Clegg appeared, and, finding that he had been defaulted, filed an affidavit, and thereupon moved the court to set aside the default and permit him to appear and plead to the complaint. The motion was overruled. Clegg excepted and appealed. The service of process on Clegg was objected to because it was.

served by the sheriff, who was also a defendant in the suit. Bellows, the sheriff, was but a nominal party to the suit. He was not interested in the merits of the controversy. "The service of the summons by him on Clegg," says the court, "even if irregular, was not void. And no objection was made to the service in the motion to set aside the default, and cannot be properly made for the first time in this court."

We have also been cited to the case of Avery v. Warren, 12 Heisk. 559, by the Supreme Court of Tennessee. Briefly stated, the case was as follows:

"Dixon and Avery filed their bill in the chancery court at Memphis to enforce the collection of a note given by Warren and Looney, against Warren only, a nonresident of the state, the defendants Alschuler and Seligman being sued as debtors to Warren, and Winters, the sheriff of Shelby county, made a nominal party, as having process in his hands for the collection of one of the debts in favor of Warren. * * * The bill was * * * taken for confessed against Seligman, he having been served with a subpœna [by a deputy sheriff], but failing to answer. The first point we need notice here is the objection that the subpœna was served on Seligman by a deputy of the sheriff, who was party to the bill. There is nothing in this objection. Section 381 of the Code was intended to apply only to the case of the sheriff's being a party in interest, not where he is a mere nominal party, and no redress is sought against him. The sheriff was in no wise interested in this case; he had no interest to be affected by the result of the litigation. He was probably not even a proper party to the suit. It was not like the case of Riner v. Stacy, 8 Humph. 289, where the sheriff owned the execution, or the debt."

There is no Texas case cited upon the point involved. In addition the sheriff voluntarily appeared and filed answer in the case.

In the case of Tinney v. Vittur, 134 La. 549, 64 South. 407, it was held that the sheriff may accept service of a petition for injunction and waive service of the writ. However, we believe if there was error in the sheriff, through his deputy, having served the citation, such matter was one to have been taken advantage of by abatement below, and cannot be urged for the first time in this court.

In the case of Lillard's Executor v. Lillard's Executors, 44 Ky. (5 B. Mon.) 340, the following language is used.

"Jacob Keller, though one of the plaintiffs, had no interest in the amount sought to be recovered, as appears by the condition of the bond, as well as by an indorsement upon the writ, that 'the suit is for the benefit of Joseph Magee.' His service of the writ as deputy sheriff should have been taken advantage of in the court below, and within the proper time. It was a matter of abatement only."

[3] In addition to what has been said above, it might be said that the writ of error has not brought the case up as to the sheriff, Hammond, who was not served by any citation in error, and plaintiff in error, Mansfield, in our judgment, is in no position to complain of the alleged impropriety in serving his codefendant, Hammond, who is making no complaint on this appeal.

[4] We do not believe that there is any uncertainty in the officer's return as to time, place, and manner of citation, and that the same is in any sense misleading, and that it is sufficient to sustain the judgment by default. The return was as follows:

| Sheriff's Return. | Name | Date. | | | Time. | | | Place and Distance from Courthouse. | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Month | Day | Year | Hour | Min. | M. | | |
| Came to hand on the 2d day of February, 1915, at 1 o'clock p. m. and executed in Harris county, Texas, by delivering to each of the within named defendants in person, a true copy of this citation. | M. F. Hammond | Feb. | 2 | 1915 | 2 | . | P. | Office of Sheriff, Houston, Harris County, Texas. | |
| | H. P. Mansfield | " | 3 | 1915 | 3 | . | P. | | |
| I actually and necessarily traveled 5 miles in the service of this citation in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip. | | | | | | | | | |
| Fees: Serving 2 copies | | | | | | | | | $1 50 |
| Mileage 5 miles | | | | | | | | | 25 |
| Total | | | | | | | | | $1 75 |
| | | | | | | | | M. F. Hammond, Sheriff, Harris County, Texas, By Tom C. Smith, Deputy. | |

[5, 6] The return shows quite clearly that M. F. Hammond was served at 2 p. m. on February 2, 1915, at the office of the sheriff, and that the defendant H. P. Mansfield was served on February 3, 1915, at 3 p. m. at Houston, in Harris county, Tex. We see no valid reason for complaint in the matter complained of. As to the insufficiency of the bond, in a case in which an injunction was properly issued, we do not believe that it is error, such as would require a reversal in this court, simply because originally too small an injunction bond was required, especially where the surety on the bond originally executed was released from any further obligation on the bond by the final decree of the court. It is the general rule that defects in injunction bonds are waived, unless they are taken advantage of by motion to correct them, or to dissolve.

In the case of Miller v. Clements, 54 Tex. 351, the Supreme Court held that the bond was good to the amount of the bond, and, in effect, that the bond was not void because of a failure to comply with statutory requirements.

In the case of Jones v. Gray, 91 Ill. App. 79, the holding was that defects are waived, unless they are taken advantage of by motion to correct them, or to dissolve.

In Drake v. Phillips, 40 Ill. 388, it was held not reversible error to require too small a bond, in case the injunction was properly granted.

We believe that the injunction was properly granted, and that the amount of the bond cannot be urged to reverse the case. However, no case directly in point in Texas has been cited, nor have we been able to find such a case.

It is insisted that the entire proceedings in this cause, especially as herein pointed out, are grossly irregular and erroneous, and do not sustain the finding of any character of judgment, and will not sustain the judgment in default rendered.

We have considered the several matters complained of, as reflected in the record before us, and we have arrived at the conclusion that the judgment of the lower court, and his action on the matters involved, was correct, and that we would not be warranted, in the face of this record, in reversing the cause. Believing, as we do, that the action of the lower court was correct, and was right in the premises, the said judgment is in all things affirmed. It is so ordered.