JAMES P. THOMPSON *v.* D. D. KILCREASE et al.

When the price of property is made payable in instalments, the vendor may sue for recission of the sale at once, upon the the failure of vendee to pay the first instalment.

The original vendor seeking to rescind the sale, is only compelled to reimburse the value of improvements made by a possessor in good faith. Improvements made after the institution of the suit to rescind the sale, must be considered as made by the possessor in bad faith.

APPEAL from the Tenth District Court, Parish of Carroll, *Farrar*, J.
J. W. *Montgomery*, for plaintiff and appellee. *Goodrich & Defrance*, *Selby* and *Short & Parham*, for defendants and appellants.

MERRICK, C. J.  This suit was brought to cause a sale of three hundred and twenty-three and-a-half acres of land in the parish of Carroll, to be rescinded for the non-payment of the price.

We shall place the case upon the facts as conceded in the argument, and consider only the questions discussed at the bar, and in the briefs.

We therefore assume (as conceded) that the instrument executed on the 26th day of November, 1855, was a sale from the plaintiff to the defendant, *D. D. Kilcrease*, of the land in controversy.  The price was $3235, for which it was agreed, that the defendant, *Kilcrease*, should give his promissory note payable one day after date, with eight per cent. interest thereon from the date thereof, to be paid in the following manner, viz: the net proceeds of twenty bales of cotton to be paid annually, the amount thereof to be applied to the credit of the note until the payment of the same.

*Kilcrease* went into possession of the land, and after making some improvements sold the same to the defendant, *Thomas L. Beard*, in August, 1856, at an advance of three thousand two hundred and thirty-five dollars, *Beard* assuming to pay his vendor's debt to *Thompson*.  On the 28th day of January, 1857, the plaintiff demanded, through a Notary Public, a performance of the contract of *Beard* and *Kilcrease* in vain, and a formal protest was made.  The same day *Beard* sold the tract of land to the defendant, *Emily Knox*, wife of *W. L. Knox*, she assuming the obligations of *Kilcrease* and *Beard*.

This suit was commenced in May following, against *D. McNeil*, the proprietor, *Mrs. Knox, Beard* and *Kilcrease*.  In September, of the same year, 1857, *Madam Knox* sold to *McNeal*, who assumed her liabilities on account of the land.

The District Judge awarded to the plaintiff a dissolution of the sale, and to the defendant, *Kilcrease*, five hundred dollars, the value of his improvements.

*Beard, Mrs. Knox* and *McNeil*, prosecute the appeal.

The plaintiff prays for an amendment of the judgment in his favor as against *Kilcrease*.  The latter alleges that he is only an appellee, and denies the right of the plaintiff to claim an amendment of the judgment; nevertheless, demands that instead of five hundred dollars, he be allowed one thousand dollars, as against the plaintiff, for improvements.

It has been contended, on behalf of the appellants counsel, that the mode in which the payments were to be made, formed a part of the promissory note, and was the same as though the mode of payment had been written in the note itself; that the installments were to be in sums equal to the net proceeds of twenty bales cotton annually; that the non-payment of one instalment at maturity, did not make the residue of the note exigible, and that the sale could not be rescinded until the maturity of, and default in paying the last installment, and that the promise to pay over the net proceeds of the cotton, is under Arts. 1762, 1763, an independent contract.

It may be conceded, for the purposes of this decision, that by the agreement, the note was to be paid in installments, and that the maturity and non-payment of one installment, did not enable the plaintiff to sue for the residue of the note, but this will not aid the case.  The neglect and refusal to pay a single installment, in our opinion, gives the vendor the right to annul the sale.  Whenever the vendee refuses to comply with the stipulation to be performed by him the vendor is obliged to wait no longer, but may at once demand a dissolution of the contract.

Why should the vendor, who has made a sale on long time, be compelled to see

THOMPSON
v.
KILCREASE.

his vendee enjoy the revenues of his property year after year, without paying any portion of the price, or even the interest upon the money?

The Code says: If the buyer does not pay the price, the seller may sue for a dissolution of the sale. C. C. 2539.   What is meant by this article may be perceived by comparing it with Art. 2041, which says: "A resolutary condition is implied in all commutative contracts, to take effect in case either of the parties *do not comply with his engagement.*"  A party does not comply with his agreement when he refuses to pay the first installment of the price which has fallen due and which he has contracted to pay.  Such also, is the view of Troplong on this subject.  See Trop. vente, Nos. 642, 646.  The promise to pay the price by installments, or in any particular mode, does not make the contract any the less commutative, for in the contract of sale the price is the equivalent or consideration for the thing.  C. C. 2414.  Pothier, vente, No. 2.

The plaintiff contends that he ought not to be compelled to pay for the improvements made upon his property by the vendee, who has refused to pay the price.  It appears to us to be a consequence of Art. 2040, that he must pay for the improvement made upon his property prior to the putting of the defendant *in mora,* or a demand for the dissolution of the contract.  For Art. 2040 requires matters to be placed in the same state as though the obligation had never existed, and obliges the creditor to restore what he has received.  If he is to restore what he has received, and he cannot enrich himself at the expense of the vendee, he must restore what he receives in improvements placed upon the property in good faith and returned to him, as well as sums of money or anything given in payment.  The revenues of the property during this period were nothing.

As to the improvement made by *McNeil* after the institution of the suit, which consisted in clearing land and ditching, we are of the opinion that he cannot recover.

They must be considered as made by a possessor in bad faith, and being of a kind not susceptible of being removed, the plaintiff cannot be compelled to declare whether he will take the same, or cause the defendant to remove them.

In regard to the person entitled to recover for improvements, we are not prepared to say that the District Judge erred in awarding the five hundred dollars to *Kilcrease*  If he receives the amount, he must account to his vendee in a settlement between them, and it will be understood in this action we do not undertake to settle the respective rights of the defendants, there being no demand in warranty between them.

The defendants did not apply to the court for an extension of time, in which to make payment.

Judgment affirmed.

BUCHANAN, J., concurring.   On the 2d May, 1857, plaintiff filed his petition alleging the facts, as recapitulated in the opinion read by the Chief Justice, and moreover, that one *Daniel McNeil* was then in possession of the land, by what title petitioner did not know; further alleging, that petitioner had never been paid any thing for his property thus sold; and that all of the said purchasers were well acquainted with this fact when they respectively bought the said land; that the continual change of title and possession, was intended to harass petitioner, and to elude his pursuit of the property, as well as to complicate and confuse the legal proceedings, which he might institute therefor.   The petition concludes by praying citation for all the parties named above; for rescission of all the sales afore mentioned; for recovery of the land sold, free from any claims or incum-

brances placed thereupon by said parties; for one thousand dollars damages, and for general relief. Citation was served on all the defendants, *Kilcrease, Beard, Mrs. Knox* and *McNeil*, within a few days after the filing of the petition.

On the 23d November, 1857, the defendant, *McNeil,* answered the petition, alleging himself to be in possession of the land claimed by virtue of a purchase by authentic act, from *Mrs. Emily Knox,* of date the 20th September, 1857, a copy of which conveyance he annexed to his answer. Respondent, *McNeil,* averred that he bought the land in good faith, and he and all the intervening purchasers under plaintiff, were abundantly able and willing to pay all that was due now, and when it was due; but that plaintiff refused to receive any payment, unless all the consideration or price was at once paid to him, as well what was not due, as what was due; that the sale cannot be rescinded, because the parties cannot be replaced in their original position; respondent having expended more than three thousand dollars worth of labor upon the land since he bought it; wherefore he prayed for judgment, quieting respondent in his title.

Defendant *Beard* answered, admitted the sales mentioned in the petition, and prayed for the dismissal of the plaintiff's demand.

The defendant *Mrs. Knox,* pleaded the general issue; prayed that plaintiff's demand be rejected.

Defendant *Kilcrease,* pleads the general issue; admits the conveyances as alleged; avers that while in possession of the land, under his title from plaintiff, the respondent had improved the land, built a house thereon, fenced, and cleared, and put in cultivation, about thirty or forty acres of land; that respondent has always been ready and willing to comply with his contract; that the land has considerably enhanced in value; that all the purchasers have been willing to perform their obligations under the sale, by paying the price in the manner therein stipulated; but that plaintiff has refused to receive any thing less than the whole price. This respondent concludes by demanding in reconvention, from plaintiff, in case there should be a judgment of rescission, the sum of three thousand dollars, as the value of his improvements.

On these pleadings, the parties went to trial; and after hearing evidence, the court rendered judgment in favor of plaintiff against all the defendants, for the land described in the petition. Judgment was also rendered in favor of defendant, *Kilcrease,* against plaintiff, for five hundred dollars, for improvements. Defendants *Beard, Mrs. Knox* and *McNeil,* have appealed. Plaintiff and defendant *Kilcrease* have both answered the appeal, praying, each of them, an amendment of the judgment in his favor. Plaintiff asks that he be relieved of that portion of the judgment which condemns him to pay five hundred dollars for improvements. *Kilcrease* asks that the judgment in his favor against plaintiff for improvements, be increased from five hundred to one thousand dollars. Neither of these prayers can be entertained.

Neither *Thompson* nor *Kilcrease* have appealed. They are both appellees. The right given by Art. 888 of the Code of Practice, to an appellee, to have judgment amended in this court in his favor, is a right to be exercised in the form of an answer to an appeal, and of course against an appellant alone.

If this question of improvements were before us, which it is not, I should say that nothing is to be allowed on that score, as against plaintiff; the claim for improvements being offset by the fruits, which have been received by the defendants. It is in proof that the land has been in cultivation since the sale, and that cattle and hogs have been kept on it by defendants. *Kilcrease* sold to *Beard* a

THOMPSON
*v.*
KILCREASE.

standing crop of cotton and corn, and a stock of cattle and hogs. See the cases of *Haynes* v. *Harbour*, and *Yeatmen, Wood & Co.* v. *Erwin*, lately decided.

For the foregoing reasons, I concur in the affirmance of the judgment in this case.

VOORHIES, J., concurred in this opinion.

COLE, J., absent.