F. WAGNER v. THOMAS B. NEWMAN et al.

Code of Practice, Article 401, authorizes a third opponent possessed of a privilege to proceed against the plaintiff and Sheriff, without requiring that the opponent should first obtain judgment against the defendant, and without requiring the defendant to be made a party to the opposition.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *J. Magne, for appellee.*—The plaintiff, by virtue of a judgment, caused the movable effects of the defendant to be seized and sold by the sheriff. The amount of the sale was $470 25. Foucher, the landlord and third opponent, took a rule agreeably to Article 401 C. P., to be paid by preference as privilege creditor. At the request of the plaintiff, and of the Court, the defendant was made a party.

The claim of the third opponent, for rent, was proved to be $510 ; and it was also proved that the property seized and sold under the plaintiff's fi. fa. was in the house rented by defendant from the third opponent. The District Judge made the rule absolute, for $510, less $70 90, to be retained by the sheriff for costs, and the plaintiff has appealed.

Our right to proceed by rule, under Article 401 C. P. is so well established that we do not deem it necessary to argue it. C. C. 2675, 3184, 3185. *H. M. Robinson* v. *John F. Staples,* 5 An. 712; 12 An. 339. *Garretson* v. *His Creditors,* 1 Rob. 445. *Hoey* v. *Hews,* 3 An. 704.

Should it be said that we took a provisional seizure in the Second District Court, the answer is that it was done ex necessitate, in order to tie the proceeds of the sale into the sheriff's hands, at a time when there was no Judge in the Sixth District Court; and that utile per inutile non vitiatur.

And should it be objected that we did not obtain a judgment on our suit in the Second District Court, the answer is that it was not necessary under Article 401 C. P. Besides, the defendant having been made a party to the rule in the Sixth District Court, at the request of plaintiff, the judgment à quo was rendered contradictorily with both plaintiff and defendant; and again, this case has not any analogy with an attachment suit, where the plaintiff has no privilege, and obtains only a preference by the judgment.

We trust, therefore, that the judgment of the District Court will be affirmed, with costs.

*E. Hiestand, Holland & Bear, for appellant.*—This is an appeal from a judgment rendered by the Sixth District Court on a rule taken by Louis F. Foucher, de Circe, on the plaintiff and the sheriff, to show cause why so much of the proceeds of the property sold by the sheriff, under a fi. fa. issued by plaintiff in this case, should not be paid to him, on the ground that he had the lessor's privilege thereon, and was entitled to be paid by preference, etc.

To the foregoing rule plaintiff excepted, because :

1. Plaintiff in a rule had not obtained a judgment against defendant.

2. The defendant had not been made a party thereto.

3. That any judgment that might be rendered on said rule would be a judgment against defendant, although he was no party to it.

4. No judgment can be rendered against defendant unless he be a party to the rule.

These exceptions the lower Court overruled.

On the trial of the rule, the plaintiff filed the following peremptory exceptions, viz :

That L. F. Foucher, plaintiff in rule, could not appear and prosecute the same, because he was not a loyal citizen of the United States, and had not renewed his allegiance thereto in the manner and form prescribed by the laws of the United States and the proclamation of the President of the United States.

These exceptions were overruled, and judgment was rendered in favor

of the third opponent, Foucher, for the full amount of his claim, less certain costs.

From this judgment plaintiff has appealed.

The facts, as shown by the record, are :

That plaintiff Wagner caused the movable property, on the premises occupied by defendant, on Levee street, to be seized and sold by the sheriff, on an execution issued in this case. That on the day previous to the sale by the sheriff, Foucher applied to the Second District Court and obtained a writ of provisional seizure against defendant ; that the writ was received by the sheriff ; that the sheriff did not make a seizure, and only executed the writ of provisional seizure by putting the same with the balance of the papers in the suit of Wagner & Newman, etc.

That Foucher did not prosecute his suit in the Second District Court and obtain judgment against Newman, and that up to this day that suit is still pending.

That on the trial of the rule, the defendant Newman was not present or represented; no default had been taken against him, no issue joined; that Newman left New Orleans in the fall of 1863, for Matamoros, Mexico, and had not returned. There is no evidence that he had any agent here.

We therefore contend that the proceedings, under the rule taken by Foucher, are irregular and not in compliance with law. That the Court erred in overruling the exceptions filed by Wagner, as to the status of Foucher.

2. That Foucher was bound to establish his loyalty before he could stand in the courts of the United States or of this State ; and, failing so to do, it was the duty of the Court to sustain the exceptions and dismiss his proceedings.

3. That Foucher not having obtained a judgment against Newman in the Second District Court, could not intervene in this case, and through a rule obtain judgment against Newman, unless contradictorily with him.

4. There is no evidence showing that the property sold under Wagner's execution is the identical property upon which Foucher pretends he has the lessor's privilege. On the contrary, the evidence of Werzburger and DeArmas shows that the sheriff did not seize this property under Foucher's writ, nor put a keeper over it, nor did he make an inventory of the property under the provisional seizure, nor take possession of the same under that writ ; but that he merely executed that writ, as Werzburger says in his evidence, by putting this writ with the balance of the papers in the suit of Wagner & Newman, etc.

We contend that Foucher, having failed to prove the identity of the property seized with that on which he claims lessor's privilege, the judgment of the Court is erroneous, and we are entitled to the funds in the hands of the sheriff, arising from the sale under our execution. Privi-

leges being stricti juris, must, as against third persons, be conclusively established. *Rochford* v. *Geraghty*, 10 An. 429.

We therefore respectfully ask that the judgment of the Court à quo on said rule be reversed and set aside, and that the Sheriff of the Parish of Orleans be directed to pay over to us the funds in his hands arising from the sale made by him under our execution, as far as the same may go towards satisfying our judgment against Newman; and that the said Louis F. Foucher, de Circe, be condemned to pay all costs.

HYMAN, C. J. Plaintiff, a judgment creditor of defendant, caused, under a writ of fieri facias, to be seized the movable property belonging to defendant in a certain house in the city of New Orleans, which was sold by the Sheriff.

Opponent, L. F. Foucher, de Circé, had leased this house to defendant. He caused this movable property to be seized under a writ of provisional seizure, and by motion made opposition and claimed the proceeds of the sale of the same, on the ground that he had a privilege as lessor on the property seized, which entitled him to be paid out of the proceeds in preference to plaintiff.

The Judge rendered judgment, decreeing that opponent be paid the proceeds of the property sold, the proceeds not being sufficient to satisfy his claim as lessor. Plaintiff appealed from this judgment.

Plaintiff in the lower Court excepted to the opposition, and asked that it be dismissed, because defendant had not been made a party to the opposition, and because no judgment had been obtained by opponent against defendant.

Defendant was made a party to the opposition, but had he not been made a party, the answer to the exception would have been, that the law authorizes this mode of proceeding against plaintiff and Sheriff, without requiring that opponent should first obtain judgment against defendant, and without requiring him to be made a party. See Code Practice, Art. 401; 14 An. 89.

Plaintiff further excepted to opponent's opposition, because he was not a loyal citizen. It is not shown wherein he was disloyal.

It is not pretended that opponent had not a privilege on the movable property of defendant, which was in the house let, to secure the payment of his claim as lessor; but plaintiff contends that it is not proven that the property sold under his execution was the same on which plaintiff had a privilege.

It was proven that the movable property of defendant, which plaintiff caused to be seized and sold, was in the house let, and on this property opponent claimed his privilege.

It is decreed that the judgment of the District Court be affirmed, and that plaintiff pay the costs of this appeal.