FOURNET, Justice.
 

 In this sequel to the case of Mrs. Marceline Cason et al. v. Raymond E. Cecil, 194 La.. 41, 193 So. 362, Sidney C. Aymond, who formerly intervened in the case as a
 
 *893
 
 third opponent, is seeking to recover from J. J. Jeansonne and J. W. Jeansonne, a former sheriff and the present sheriff of Avoyelles Parish respectively, the amount due him under the judgment rendered therein.
 

 In May of 1934, Mrs. Marceline Cason and her children, as the plaintiffs, instituted foreclosure proceedings against Raymond E. Cecil on four of a series of seven notes, secured by a vendor’s lien and special mortgage on property that had been sold to Cecil by them. Sidney C. Aymond, as the purchaser of one of the seven notes from the plaintiffs, intervened in the proceedings as a third opponent on May 31, 1934, urging that his right to be paid the amount of the note owned by him out of the proceeds of the sale of the property in preference to the plaintiffs be recognized. On that same day, J. J. Jeansonne, the then sheriff of Avoyelles Parish, was ordered by the court to retain a sufficient amount out of the funds secured from the sale of the property to satisfy the intervenor’s claim. On November 5, 1937, there was judgment in Aymond’s favor (1) against Cecil, for the full amount claimed; (2) against Mrs. Marceline Cason and her children, decreeing that Aymond’s claim be recognized in preference to theirs; and (3) against the sheriff, ordering that he pay the intervenor accordingly. On an appeal taken by the plaintiffs, this judgment was affirmed by us on November 27, 1939. See 194 La. 41, 193 So. 362.
 

 In the meantime, on June 23, 1934, the property was sold to Grover S. Seller, a third party, for $4,200. Out of this amount the sheriff retained the sum of $894.93, the amount due Aymond as of the date of the sale, and he paid the remainder to' the plaintiffs, despite the fact that Aymond’s claim was then pending in court. After our final decision in the intervenor’s favor was rendered, he demanded payment and the sheriff of Avoyelles Parish, J. W. Jeansonne, tendered him the $894.93 which had been retained and turned over to him by his predecessor in office. Aymond refused to accept this amount for the reason that it was insufficient to satisfy his judgment in full, with interest and attorney’s fees from the date of the sale of the property on June 23, 1934, to the date of the tender, and then proceeded by this rule to recover the full amount claimed from the present and former sheriffs of Avoyelles Parish.
 

 The judgment rendered by the lower court is in favor of Aymond and against J. J. Jeansonne, the sheriff at the time the .property was sold, for the full amount, plus interest, attorney’s fees, and costs; it is in favor of Aymond and against the present and former sheriffs in solido for' $894.93, the amount turned over to the present sheriff by his predecessor. Both of the .parties cast have appealed from the judgment.
 

 A third opposition is an incidental demand, defined by the Code of Practice to be “ * * *
 
 a demand brought by a third person not originally a party in the suit,
 
 for the purpose of arresting the execution of an order of seizure * * * or
 
 to regulate the effect of such seizure in what relates to
 
 himArticle 39S. When the person who makes the third opposition claims that he “has a privilege which enti
 
 *895
 
 ties him to be paid in preference to the party making the seizure out of the proceeds of the sale of the property seized, * * * such opposition may be made by motion, of which due notice must be given both to the party who has made the seizure and to the sheriff;
 
 and the court,
 
 * * *
 
 shall direct the sheriff to retain in his hands, subject to their further order, the proceeds of the sale.”
 
 Article 401. (Italics ours.)
 

 In the court’s order of May 31, 1934, the then sheriff of Avoyelles Parish, J. J. Jeansonne, was ordered “to keep in his possession and under his control sufficient funds received by him from the sale of the * * * property to pay third opponent’s claim in full
 
 in principal, interest, 'attorney’s fees and costs until definitive judgment has been rendered
 
 in this cause on the question of priority of claims of third opponent, Sidney C. Aymond, and Mrs. Marceline Cason [et als.], seizing creditor [s] herein.” (Italics and brackets ours.) The judgment rendered, after the case was tried, was in favor of the intervenor and (1) against Cecil, for the full amount claimed, i. e., $700 — $857.14, less a credit of $157.14 — with interest at the rate of 7% per annum from March 4, 1932, until paid, plus 10% additional on the amount due as attorney’s fees and costs; (2) against Mrs. Marceline Cason, et als., decreeing that the intervenor be paid the full amount of the judgment out of the proceeds of the sale of the property by preference and priority over their (plaintiffs’) claim; and (3) against the sheriff, ordering him to pay the intervenor accordingly.
 

 But counsel for appellants, relying on the cases of Tessier v. Bourgeois, 38 La. Ann. 256; Succession of Forstall, 39 La. Ann. 1052, 3 So. 277; and Walmsley v. Theus, 107 La. 417, 31 So. 869, contend and have seriously argued here, both orally and in brief, that “by the opposition of Dr. Aymond, he transferred his claim under the mortgage note he held to the proceeds of the property foreclosed upon in the hands of the sheriff,” and, consequently, “under that opposition he [intervenor] could not collect nor could the Sheriff pay him more than was due at the tune of the sale.” (Brackets ours.)
 

 The authorities relied upon by counsel for appellants do not support their contention. It appears from the syllabus in the Forstall case that both that case and the Tessier case are authority for the proposition that “in the case of a sale of succession property, burdened with mortgages, by executory process, the purchaser at such sale cannot be compelled to turn over to the succession representative the amount of ranking special mortgages, which he is entitled to retain after satisfying the junior mortgage of the seizing creditor. Morris v. Cain’s Ex’rs, 34 La.Ann. 657. But if the unsatisfied mortgages are general, the residue of the purchase price cannot be retained by the purchaser, and the same must be paid over to the succession representative, to be administered upon. Tessier v. Bourgeois, 38 La.Ann. 256.”
 

 The holding in the Walmsley case not only fails to support the contention advanced by the appellants, but, on the contrary, is apparently authority for the view
 
 *897
 
 taken by the appellees — that he is entitled to interest on his claim to the date of payment of the same. In the Walmsley case two third oppositions were filed, one by James Brice and the other by the children of Mrs. Maggie V. Brice Theus. All of the third opponents were claiming their right to be paid by preference over the seizing creditor from the proceeds of the sale of the property retained by the sheriff and the court maintained their demands, ordering that their claims be satisfied in full, including principal, interest, attorney’s fees, and costs. Mrs. Theus had, prior to her death, paid the notes of her husband, the seized debtor, and while it is true that when the court was considering the rights of her children on rehearing it said that “to the extent that Mrs. Theus took up two of the notes, she is entitled to recover; that is, she has a right to the principal and interest paid by her, but not to the interest on the amount since she took up the notes, for then she would become interested in an account against her husband, — a claim not sanctioned by law,” [107 La. 417, 31 So. 877] amending its judgment and decree accordingly, it is also true that the court did not alter its original decree with respect to the third opposition of Brice and his right to be paid out of the proceeds of the sale of the property by preference over the seizing creditor for the full amount of his claim
 
 m
 
 principal,
 
 interest, attorney’s fees, and costs,
 
 thus giving particular emphasis to the correctness of the holding on this point.
 

 The appellants have likened the rights of the intervenor in this case to those of a person purchasing at an executive sale property which has been foreclosed by a junior mortgage creditor under the provisions of the articles of the Code of Practice. The fallacy of such a comparison is clearly demonstrated in the opinion of this court in the case of Yeatman, Woods & Company v. James Erwin, 14 La. Ann. 149. There the court said: “ * * * the Articles of the Code of Practice which authorize the purchaser to retain in his hands the amount of the prior special mortgages and privileges, imply that the purchaser himself, like the property which he has bought, must become responsible and bound for the interest which may accumulate on such mortgages after such sale. Otherwise it would be to the advantage of the purchaser to delay the payment of the portion of the price left in his hands as long as possible, and the debtor would be deprived of his property, while interest would be constantly accumulating against him.” See, also, Haynes v. Harbour, 14 La.Ann. 237; Thompson v. Kilcrease, 14 La.Ann. 340, 344; Howe v. Whited & Gibbs, 21 La.Ann. 495, 499; and Johnson v. Duncan, 24 La.Ann. 381.
 

 The appellants, relying on the provisions of Article 2948 of the Revised Civil Code, have raised another issue in their brief, that is, that the sheriff “is a mere depositary and under the law he is not chargeable with interest on the deposit except from the day on which he became a defaulter by delaying to restore it.” The article relied upon by the appellants is to be found under Section 3 of Chapter 2, title 13, of the Civil Code, which section has reference to “of the Deposit Properly So-
 
 *899
 
 Called” and can have no reference whatever to the duties and functions of the sheriffs of the state.
 

 For the reasons assigned, tha judgment appealed from is affirmed, at appellants’ cost.
 

 ROGERS, J., absent.