CAVANAUGH, Judge.
Plaintiff obtained judgment on an open account against defendant on October 13, 1952, in the sum of $220.90, with legal interest from December 7, 1951 until paid, less the sum of $18.14 paid, together with *397 all costs. On January 3, 1953, the plaintiff caused to he issued a writ of fi. fa., and the Marshal of said city and said ward seized under said writ the entire stock of watches, jewelries, etc. located in defendant’s place of business in the Town of Ponchatoula, Parish of Tangipahoa, to satisfy said judgment and writ. An inventory of the merchandise seized was made by Vernon D. Murrell and the defendant, H. C. Nobles, on January 7, 1953. On January 13, 1953, the defendant, H. C. Nobles, filed a motion in said cause and suggested to the Court that the Marshal, Victor G. Anderson, in executing said writ had seized certain tools of defendant’s trade or calling by which he earned a livelihood, and attached to said motion a detailed description and list of said tools and implements of his trade and calling, and requested the Court to order said items released from said seizure and returned to his possession and prayed that he have judgment against the plaintiff in the sum of $35 damages as reasonable attorney’s fees necessary to have said seizure released. The Court issued an order directed to the plaintiff, intervenor and the Marshal to show cause on January 26, 1953 why the items listed should not be released from the seizure and returned to the possession of the defendant and why plaintiff should not be condemned to pay defendant the sum of $35 damages as attorney’s fees. On the same day the above motion was filed on behalf of defendant, Joseph Ebrecht filed a petition which he styles as an intervention in which he alleges that the plaintiff had seized, on January 7, 1953, goods, wares and effects from the premises occupied by the defendant on Ponchatoula; that the premises occupied by the defendant located in Railroad Square in the Town of Ponchatoula, Parish of Tangipahoa, are owned by intervenor and that he rented the premises to the said defendant at the rate pf $50 per month; that there was due and owing to him for rent the sum of $280 up to and including January 15, 19*53. He further alleges that he is entitled to a lessor’s lien and privilege on all of the effects located in said premises and presently under seizure in this cause, and that he is entitled to a writ of provisional seizure to enforce the payment of his claim. He prayed that he be permitted to intervene in this cause and that the defendant be lawfully cited to appear and answer his petition and that after the legal delays had elapsed and due proceedings had there be judgment in his favor and against the defendant for the full sum of $280 with interest thereon from judicial demand until paid; that the plaintiff Bulo-va Watch Company be duly cited to appear and answer his petition and that he be recognized as the lessor and that his claim in the full sum of $280 with interest from judicial demand until paid be paid by preference and priority over all other persons, firms and corporations whomsoever. Alternatively, he prayed that in the event the present seizure be released, a writ of provisional seizure issue ordering and commanding the Marshal .to seize and take unto his possession all of the property and effects of the defendant located in the premises and that his privilege be recognized according to law, and that he be paid by preference and priority over all other persons, firms and corporations; and for all such additional relief as law, equity and the nature of the case may permit.
The Judge of the trial court had previously, on January 9, 1953, signed an order authorizing the intervention and directing the citations to issue as prayed for. Defendant, H. C. Nobles, through counsel on January 13, 1953, accepted service of the petition, waived citation and reserved all rights. The plaintiff, Bulova Watch Company, on January 14, 1953, through counsel accepted service and reserved all rights. On the motion filed by the defendant, H. C. Nobles, the attorney' for the intervenor, Joseph Ebrecht, -'accepted service of the motion on January 13, 1953, and the attorney for the plaintiff accepted service, and V. G. Anderson, the Marshal, accepted service of the motion. On January 26, 1953, the Court tried the motion of the defendant as well as the intervention and third opposition of Ebrecht. He sustained the motion' directing that certain tools of the defendant used in his ¡trade be released and also rendered judgment. in favor of *398 Ebrecht, the lessor, for the sum of $280, and in said judgment commanded the Marshal to pay by preference and priority over all other persons, firms and corporations, whomsoever, the claim of intervenor or third opponent from the proceeds of the sale of the merchandise advertised and to be sold on January 31, 1953. In the event that the amount realized from the sale was not sufficient to discharge the landlord’s lien and privilege in full that the entire amount so realized should be paid to him. The judgments were rendered in open court on January 26, 1953 and a formal judgment was read and signed in chambers pursuant to agreement of counsel on January 29, 1953.
On the day the judgment was signed in favor of intervenor, the plaintiff, Bulova Watch Company, Inc., through counsel, moved "for and was granted an order of devolutive appeal to this court returnable on or..before February, 1953, upon the plaintiff’s furnishing bond in the sum of $100. The appeal was not perfected under that order, because on May 6, 1953, the plaintiff applied for. and was granted another order of devolutive appeal returnable to this court on or before June 8, 1953. The record was filed in this court on May 19', 1953. The plaintiff, Bulova Watch Company, Inc. has appealed from the judgment and contends here that the judgment of the City Court should be reversed because the pleading filed by the lessor was an intervention, and that it .should have been filed before the judgment was rendered in favor of plaintiff on the main demand,- and that the intervention was filed too late and was improperly before the court. The plaintiff and appellant further contends on the appeal that if the, pleading. be considered as a third opposition, it should be dismissed for the reason that the Marshal of the City Court was never cited or made party to the suit.
It is a modern rule of practice and procedure that in construing pleadings, courts will not be governed by the name or style a pleader gives to his pleading, but will construe the pleading for the purpose for which the plea was filed and look to its substance and the- relief' sought, rather than technicalities. Bozeman v. McDonald, La.App., 40 So.2d 517. The terms “intervention” and “opposition of third persons” referred to in Articles 153, 362, 364, 389-394, Code of Practice, provide for a proceeding by a third person not an original party to the suit before a judgment on the merits of the case. Articles 395-403, Code of Practice, provide fpr a proceeding instituted by a third person for the purpose of arresting the execution of an order of seizure or judgment rendered in such suit or to regulate the effect of such seizure in what relates to him. Of course, the pleading filed in this case had for its purpose the assertion of a lessor’s lien and its payment by preference and priority over the claim of plaintiff, the seizing creditor, and is, correctly speaking, a third opposition because it does not seek to be decreed the owner of the property. It only has for its purpose the recognition of its privilege as a lessor, which entitles him to be paid by preference his claim out of the proceeds of the sale.
It is our opinion, therefore, that the pleading filed by the lessor is a third opposition and that its purpose was to regulate the distribution of the proceeds of the sale and the Judge below so found when he ordered the Marshal to pay Ebrecht, the in-tervenor, and third opponent, the full amount of his claim in satisfaction of his lessor’s lien on the goods, wares and merchandise seized in the leased premises.
.The only serious question presented by the appeal is whether the failure of the record to show that the Marshal had service of the petition filed by Ebrecht, inter-venor and third opponent. Appellant contends here that since the record does not affirmatively show that the Marshal was served with intervenor and third opponent's petition, the judgment should be annulled in his favor and reversed and that the proceeds of the sale of the merchandise should be ordered to plaintiff, the seizing creditor. Article 401 of the Code of Practice reads:
*399 “If, on the contrary, the opposition be made on the ground that the third opponent has a privilege which entitles him to be paid in preference to the party making the seizure out of the proceeds of the sale of the property seized, as when there are several seizures or conflicting claims on the same property, such opposition may be made by motion, of which due notice must be given both to the party who has made the seizure and to the sheriff; and the court, without requiring any security from the third opponent, shall direct the sheriff to retain in his hands, subject to their further order, the proceeds of the sale.”
We also find that an opposition based on a privilege must be served on the seizing creditor and sheriff; but defendant in execution need not be made a party. Converse v. Hill, 14 La.Ann. 89; Wagner v. Newman, 18 La.Ann. 508; Cason v. Cecil, 201 La. 890, 10 So.2d 692, 201 La. 890; Pollock Paper & Box Co. v. Crosby, La.App., 16 So.2d 611. If plaintiff had made these objections at the time the court below rendered judgment or had filed any answer to this opposition on the ground that the Marshal had not been made a party to the opposition or intervention and had given the Trial Court an opportunity to have ruled on the matter, we would entertain his position here. It is raised for the first time on a devolutive appeal after the judgment of the trial court had been executed and the proceeds disbursed. Can we consider it now as a substantial defect apparent on the face of the record to annul and set aside a judgment of the Trial Court already executed? There can be no doubt that the Marshal was served with the motion of defendant to release the tools and implements of his trade. There can be no doubt that the record shows that plaintiff’s counsel and the Marshal filed no responsive pleading to the intervention and third opposition of the lessor because the minutes of the court, as well as the judgment read:
“This cause came on this day and it appearing that the defendant, Bulova Watch Company, and the Honorable Victor G. Anderson, Marshal of the City Court, having failed to file any objections or pleadings and both being present in open court either personally or through counsel * * * ”,
It was not necessary to join issue between third opponent and defendants in opposition by default in absence of plea. LSA-R.S. 13:1877.
The Marshal sold the property on January 31, 1953, two days after the judgment on the intervention and opposition was rendered and distributed the proceeds in accordance with the judgment. The point this case must turn on is whether a seizing creditor as a party to a suit can permit a case to be tried without making any plea or objecting to the want of proper parties and then raise the question of proper parties or service of process for the first time on a devolutive appeal after a judgment has been executed. We think plaintiff’s objection on account of no service or appearance by the Marshal comes too late when urged for the first time on a devolutive appeal after the judgment has been executed. What the Court of Appeal, Parish of Orleans, said in Rothschild v. Perkins, 8 Orleans App. 369, is appropriate-here:
“Where parties go to trial without objecting to the want of proper parties, .it is too late to raise such objections on appeal.
“Where a defendant though not cited takes cognizance of the pending of the suit, becomes a witness therein, and deals with one of the parties with reference thereto, abandoning unto him all interest in the subject matter of the suits, he must be considered as having waived citation, and will be held bound by any judgment which may be rendered between the other parties. Having no further interest in the result between these parties, there is no reason to demand his further presence in the suit.”
*400 The right to object to the Marshal’s not being served and not making an appearance in the suit is personal to him and can not be urged by the plaintiff as a seizing creditor for the first time on appeal. Tinney v. Vittur, 134 La. 549, 64 So. 407; Palmisano v. Louisiana Motors Co., 166 La. 416, 117 So. 446.
For the foregoing reasons, the judgment is affirmed.