CULPEPPER, Judge.
Plaintiff, a sixteen year old married woman, living separate but not judicially separated or divorced from her husband, brought this suit against her husband for support of herself and their minor child, and against her husband’s parents for support and maintenance of said child. The husband could not be located for service of citation, nor did he appear. He is not before the court. The grandparents filed various exceptions which were overruled. After trial on the merits, judgment was rendered in favor of the plaintiff “in behalf of and representing the minor child * * * ” and against the said defendant grandparents of the said child for the sum of $20 per month alimony. From said judgment the grandparents have now appealed.
The initial issues presented on appeal are procedural. The record shows that defendants first filed an “Exception” “to the procedural capacity” on the grounds that “Plaintiff is a minor under the age of 18 years, and therefore has no capacity to bring this suit.” In support of this exception defendants make the very respectable argument that the Married Women’s Emancipation Act (No. 94 of 1916, now LSA-R.S. 9:101-105) gave to married women, for the first time, the right to institute suits without the authority of their husband or of the judge, but LSA-R.S. 9:104 specifically excepts from the provisions of this act married women under the age of 18 years. Defendants argue further that LSA-Civil Code Articles 379-384, dealing with the emancipation of minors by marriage, do not specifically provide that a married woman, under 18 years of age is sui juris. Defendants argue that a consideration in pari materia of LSA-Civil Code Articles 379-384 with the provisions of LSA-R.S. 9:101-105 shows that the disability of minority still applies to a married woman under 18 years of age.
While we respect defendants’ argument, we are bound by the contrary decision of our Supreme Court, in the case of In Re Sherrill, 206 La. 457, 19 So.2d 203. In the Sherrill case, a 15 year old married woman appeared, without authorization or a legal representative, in the juvenile court for the city of Shreveport and filed an exception to the jurisdiction in a proceedings seeking to have her child declared to be in a state of neglect. In answer to the argument that she did not have the right to appear in court because of her age, the Supreme Court held as follows:
“The argument that the relator has no right to appear in the courts because of her age is without force for in the articles of the Revised Civil Code relative to emancipation of minors by marriage (379-384) it is provided that ‘The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding.’ And there is nowhere in these articles, or any other law that we know of, any restriction placed on a wife’s right to sue her husband for a separation or divorce and for the custody of the children born of their union.”
Counsel for the defendants attempts to distinguish the Sherrill case on the grounds that it actually involves a child custody proceedings, whereas the instant suit is by a married minor against third *359 persons for support for her child. We cannot agree that this is a valid distinction. As we understand the Sherrill case, it holds that a married woman under 18 years of age does not need authorization or the assistance of a curator in any type of suit whatsoever.
Our conclusion is fortified by L.S. A.-C.C.P. Art. 682 providing that “A competent major and a competent emancipated minor have the procedural capacity to sue.” We find no provision of the Code of Civil Procedure limiting the term “competent emancipated minor” to an emancipated minor over the age of 18 years. Furthermore, the Sherrill case, supra, holds specifically that a IS year old woman, emancipated by marriage, has the procedural capacity to appear in court. We are aware of comment (b) found under L.S.A.-C.C.P. Art. 682, stating that the term “emancipated minor” includes a married woman “now completely emancipated by R.S. 9:101-9:-105.” It is argued that since LSA-R.S. 9:104 excepts women under the age of 18 from the provisions of LSA-R.S. 9:101 — 105, this comment under L.S.A.-C.C.P. Article 682 likewise has the effect of excepting from said Article 682 females under 18 who are emancipated by marriage. However, the language of this comment cannot be construed to limit the clear and unambiguous statement in said Article 682 that “a competent emancipated minor” has the procedural capacity to sue. The minor in this case is emancipated. Her competency is not questioned. Therefore, she has procedural capacity.
Having concluded that the trial judge correctly overruled defendants’ exception challenging plaintiff’s procedural capacity on the grounds that she is under the age of 18 years, we now address ourselves to the next exception filed by defendants. It also is labeled “Exception to the procedural capacity” but the stated grounds are: “That plaintiff has not been appointed natural tutrix for the minor and has no capacity to bring this suit.”
The first issue here is whether this second exception was timely filed. The record shows that the above discussed exception based on age was overruled by the court on January 2, 1962. Then on January 4, 1962, defendants filed this second exception on the grounds that plaintiff had not been appointed natural tutrix. Plaintiff moved to strike this second exception to procedural capacity and after hearing and argument the court ordered said exception stricken from the record “ * * * as improperly filed.” Answer was not filed until January 15, 1962.
Although the trial judge does not give his reasons for striking from the record this second exception to procedural capacity, we assume he considered it to be a dilatory exception under L.S.A.-C.C.P. Article 926 and concluded that since it was not filed at the same time as the first exception it was not timely filed and the objection raised thereby was waived. In his brief filed in this court, counsel for defendants argues that although under Code of Practice Article 333 all dilatory exceptions had to be filed in limine litis and at one and the same time, the new Code of Civil Procedure, Article 928, requires only that the dilatory exception be filed before answer or judgment by default. We do not find it necessary to discuss this argument made by counsel for defendants because we have reached the conclusion that this second exception was not a dilatory exception but instead was a peremptory exception challenging the right or interest of the plaintiff to institute this suit. L.S. A.-C.C.P. Article 927. Under the provisions of L.S.A.-C.C.P. Article 928 such a peremptory exception may be pleaded at any stage of the proceedings in the trial court prior to submission of the case for a decision.
In the case of Stevens v. Johnson, 230 La. 101, 87 So.2d 743 the plaintiff was a married woman seeking to be declared the owner of a certain tract of land. In the appellate court the defendant for the first time filed an exception to the right and *360 interest of the plaintiff to sue on the grounds that the land in question actually belonged to the community existing between plaintiff and her husband. The court held as follows:
“It is clear that the dilatory exception of want of capacity is not involved here, as the exception of want of capacity puts at issue only the procedural capacity of the plaintiff, and does not raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. See Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; McMahon, Parties Litigant in Louisiana, The Exception of Want of Capacity, 11 Tul.L. Rev. 538, 546-547. On the other hand, the exception of want of interest, or no right of action, does raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Art. 15, La.Code Prac.; Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753. Moreover, the exception of want of interest, or no right of action, is a peremptory exception which can he filed at any time before definitive judgment by the court of last resort, and which will even be noticed by the court ex proprio motu if necessary. Brown v. Saul, 4 Mart., N.S., 434; State v. Desforges, 5 Rob. 253; see McMahon, Parties Litigant in Louisiana, the Exception of Want of Interest, 11 Tul.L.Rev. 527-538.
“In Succession of Howell, 177 La, 276, 148 So. 48, this court held that an exception challenging the right of a married woman to sue and stand in judgment is the peremptory exception of no right of action (want of interest), and not the dilatory exception of want of capacity. See also Smith v. Brock, La.App., 200 So. 342; Bland v. Coker, La.App., 11 So.2d 272; Casente v. Lloyd, La.App., 68 So.2d 329.”
In the instant case the stated grounds for the exception is “That plaintiff has not been appointed natural tutrix for the minor and has no capacity to bring this suit.” The argument is that under L.S.A.C.C.P. Article 4501 when both parents are alive and not divorced or judicially separated, the father is the administrator of the minor’s property (with the powers of a tutor) and is the proper person to file suit on the minor’s behalf. L.S.A.-C.C.P. Article 4502 provides that if the father is a mental incompetent or an absentee, then the mother shall have the powers of a tutor and can file suit for the minor.
Under the holding in Stevens v. Johnson, supra, we are of the opinion that this exception challenging the right of the plaintiff to sue and stand in judgment on a claim of her minor child, when both parents are alive and not divorced or judicially separated and the father is not shown to be a mental incompetent or an absentee, is actually a peremptory exception, rather than a dilatory exception, and may be filed in the trial court at any time before submission of the case for decision. L.S.A.-C.C.P. Article 928. Actually, even if the exception had not been filed in the trial court, this court, on its own motion, could supply the objection. L.S.A.-C.C.P. Article 927.
The fact that counsel for defendants has labeled his exception as one to the procedural capacity of the plaintiff is immaterial in view of the well established jurisprudence that the nature of a pleading is determined by the averments and purpose thereof rather than the label or name which the pleader gives to his pleadings. Gulf, C. & S. F. Railway Co. v. Railroad Commission of Louisiana, 149 La. 783, 90 So. 195; Chachere v. Moses George & Sons, La.App., 165 So. 522; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717; Bulova Watch Co. v. Nobles, La.App., 71 So.2d 396; Jefferson v. Tennant, La.App., 107 So.2d 334.
We are therefore of the opinion that the trial judge was in error in striking from the record the exception challenging plain *361 tiff’s right or interest to bring this suit and stand in judgment on this claim of her minor child. Next we will consider the merits of this exception.
During the marriage, the father, as administrator of the child’s estate, would normally be the person authorized to represent the child in such a claim against third parties. L.S.A.-C.C.P. Article 4501. However, if the father is an absentee, then the mother instead of the father can act as administrator of the child’s estate and as such have the powers of a tutor. L.S.A.C.C.P. Article 4502. The record shows that although the mother and the father were living separate and apart, they were not divorced or judicially separated at the time these proceedings were filed. The mother and child were living in Leesville, Louisiana, and the father was in his second year as a student at Southern University in Baton Rouge. The citation to him, as a defendant herein, was sent to the sheriff of the Parish of East Baton Rouge, with a notation that the father could be located at Southern University. The sheriff’s return shows: "After due and diligent search and inquiry, was unable to find or locate the defendant mentioned herein * * * domicile, or anyone legally authorized to represent * * * upon whom service could be made * * * I therefore return these papers to court not served.”
Under these circumstances, it is our opinion that the father was an absentee, under the applicable portion of L.S.A.C.C.P. Article 5251, which defines an absentee as “ * * * a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state”. Since the father was an absentee, the mother occupied the place of and had the powers of a tutor, instead of the father, and was authorized to file this suit on behalf of the child against the defendant grandparents. L.S.A.-C.C.P. Article 4502.
Defendants also filed an exception of non joinder of an indispensable party on' the grounds that plaintiff had failed to join as a party plaintiff her husband, Limas-Jefferson, who, as administrator of the child’s estate, is the only person who can institute these proceedings against the' grandparents. In view of our above coiw elusion that the father was an absentee, this exception has no merit. L.S.A.-C.C.P. Article 4502.
On the merits, it appears the law is settled that grandparents are legally obligated to support their grandchildren, who are in need. The amount of this alimony must be in proportion to the wants of the person requiring it and the circumstances of those who are to pay it. Nations v. Nations, La.App., 128 So.2d 228 and the cases cited therein; L.S.A.-C.C. Arts. 229, 230 and 231. The evidence shows that plaintiff is sixteen years of age, unemployed and has no income. She is living with her parents. The father of the child has failed and refused to assist in support of the child. We have no difficulty in concluding that the child is in need of the sum of $20 per month awarded by the trial court.
As regards the defendants’ ability to pay, the evidence shows that the defendant grandparents have a monthly income of approximately $174. Living with them are •a son, seventeen years of age, who is in high school, and a daughter fifteen years of age, also in school. They have another daughter, twenty years of age, who is in business school in Monroe, Louisiana, to whom they sent $50 a month, but this expense was to end in May of 1962 when this daughter finished school. Defendants testified they also send their son, Limas, father of the child, about $5 a month to help with his school expense. They have debts totaling about $700.
In fixing the amount of alimony a great deal of discretion must be left with the trial judge who sees and hears the witnesses and is better able to understand the circum *362 stances of the parties involved. The evidence here does not show the lower court was manifestly erroneous.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants.
Affirmed,