On Application for Rehearing.
PER CURIAM.
The opinion of this court, on original hearing of this case, was rendered on October 26, 1962, and copies thereof, addressed to counsel, were deposited in the United States mail on the same day.
Under the provisions of Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1961), 8 LSA-R.S., adopted pursuant to the authority of Article VII, Section 24, L.S.A.-Constitution, the delay for filing the application for rehearing begins on the date of mailing by the court, and applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of mailing. The period for filing application for rehearing, in this instance, therefore expired on November 9, 1962.
The application for rehearing in this case was shown by the postmark to have been deposited in the United States mail at Many, Louisiana,.on November 8, 1962, but was not physically received by this court until November 10, 1962, the day following the expiration of the period as above set forth.
The jurisprudence is now well settled, by reason of numerous decisions on this point, that, for purposes of considering the timeliness of the application for rehearing, the date of filing is the date that such applications are physically delivered into actual custody of this court, not the date of mailing.
The latest pronouncement involving the identical points above considered is found in Jefferson v. Jefferson (3rd Circuit, 1962), 145 So.2d 356, which contains references to numerous appropriate authorities.
For the foregoing reasons, the instant application for rehearing cannot be considered by this court.